## GEORGE D HARTER BANK v MUSKINGUM WATERSHED CONSERVANCY DISTRICT

Ohio Appeals, 5th Dist, Tuscarawas Co

No 453.    Decided Oct 10, 1935

Paul J. Gnau, Canton, for plaintiffs in error.

Wilkin, Fisher & Limbach, New Philadelphia, and J. E. Patrick, New Philadelphia, for defendant in error.

342·

## OPINION

By LEMERT, PJ.

So, without further reviewing the history and preliminary steps in this case, suffice it to say that the main question presented for the consideration of this, a reviewing court, goes to the constitutional right of Muskingum Watershed Conservancy District to appropriate the private property described in its petition for the relocation of the tracks and right-of-way of the Pennsylvania Railroad, as incidental to and made necessary by the construction of Dover Dam, in accordance with the official plan of the district, approved and adopted by the Conservancy Court. For a proper decision of this case, we must not lose sight of the fact that the acquisition of the property appropriated in these proceedings for railway relocation purposes was incidental to, in connection with, and made necessary by the construction of Dover Dam in accordance with the official plan of the district. So, with this issue so clarified, we will proceed to an analysis of the law and authorities in favor of the district's right of eminent domain in this particular respect.

Sec 6828-18 GC provides:

"Said board shall also have the right to condemn for the use of the district any land or property within or without said district * * * according to the procedure provided by law for the appropriation of land or other property taken for telegraph, telephone and railroad rights-of-way."

This section should be interpreted and read along with and in connection with §6828-15 GC, which recites the general powers of the district:

"In order to effect the protection, reclamation, or irrigation of the land and other property of the district, and to accomplish all other purposes of the district, the board

of directors is authorized and empowered * * * to remove or change the location of any * * * railroad * * * or other improvements in or out of said district; and shall have the right to hold, encumber, control, to acquire by donation, purchase or condemnation, to construct, own. lease, use and sell real and personal property * * * in or out of said district for right-of-way, holding basin or for any necessary purpose * * *."

Sec 6828-2, GC, in reciting the purposes for which a district may be organized and to which §6828-15 GC refers, provides, under sub-section (f), that it can be done; that is, "do all other things necessary for the fulfillment of this act."

The powers of the district granted by the legislature, as above stated, are applicable to the instant case. The construction, maintenance and operation of Dover Dam, according to the official plan of the district, necessitated the relocation of that portion of the Pennsylvania Railroad within the reservoir area of said dam below its spillway elevation of nine hundred and sixteen feet to a point above said spillway elevation, and the acquisition of the premises described in the petition was, therefore, necessary and essential for such relocation purposes. Certainly, it can not be contended that an Act which grants to the district the power to do all things necessary for the fulfilfilment of the purposes of the Conservancy Act, that is, to remove or change the location of any railroad, and to acquire by condemnation real property for the necessary purpose, can not be construed as giving the district the right to condemn property for railroad relocation purposes made necessary by the execution and accomplishment of the official plan for which the district was organized.

Even if such power of eminent domain were not expressly granted by the Conservancy Act of Ohio, we are of the opinion that it would still be a lawful exercise of that power as a necessary incident to the execution and accomplishment of the official plan for which the district was organized. Upon this point we cite the case of Pitsnogle v Western Maryland Railway Company, 119 Md. 673, 46 L.R.A. (n.s.) 319. It was sought by the railway company to acquire an existing private highway for the relocation of its tracks and also to acquire other real estate for the relocation of said private highway. The appellant in that case contended that the appropriation of the property to be used as a private road in substitution for the existing private road

which was taken for the relocation of the railway company's tracks would constitute a private use of said land, in violation of the railway company's constitutional and statutory right of eminent domain. The court held:

"A railroad which takes under the right of eminent domain, for the purpose of its track and yards, the space occupied by a private way which is necessary to permit the owner to reach a highway from his home, may, in order to afford him full compensation for the taking, condemn a strip of land belonging to a stranger as a substitute for the private way."

The court, in commenting upon that case, said:

"The right of eminent domain having been conferred upon the plaintiff by legislative enactment, it has the undoubted right to condemn, if need be, the aforementioned * * * road or private way for railroad purposes, and in our opinion, it was not intended by the framers of the constitution that there should be no adequate relief from the conditions that we have mentioned resulting from the taking of said private road for private use. The condemnation of a part of this land here sought to be condemned for a substitute private road or way is incident to and results from the taking, by reason of public necessity, of the existing private road for public use, and the use of it for such purposes should, we think, be regarded as a public use within the meaning of the Constitution."

We are of the opinion that the Conservancy District has the right to appropriate the right-of-way of the Pennsylvania Railroad Company if it impedes the construction of an improvement within the permitted purposes of the district. In the case of Brown v United States, 263 U. S. 78, it was held:

"The power of eminent domain may be exercised by the United States Government to secure land for a townsite, locations in which may be exchanged for those in a tract which it has taken for a reservoir site for an irrigation project, and to which buildings on the tract taken may be removed, all in part payment for the tract taken, because the acquisition of the town site is so closely connected with the carrying out of the irrigation project, and the mere existence of a residue of land taken which may have to be sold if all exchanges are completed is immaterial."

In this case, the Federal Government, in

connection with the construction of American Falls Reservoir on the Snake River in the State of Idaho, proceeded to condemn private property for the relocation of the town, American Falls, which would be flooded by said reservoir. It was contended that the power of eminent domain did not extend to the taking of one man's property to sell it to another, and that such an object can not be regarded as for the public use of the property. Upon this point Chief Justice Taft in delivering the opinion of the court, said:

"The District Court held that the acquisition of the town site was so closely connected with the acquisition of the district to be flooded, and so necessary to the carrying out of the project, that the public use of the reservoir covered the taking of the town site."

Counsel for plaintiffs in error contend that because the Pennsylvania Railroad Company has the right of eminent domain, the Conservancy District can not appropriate property for the relocation of its railroad necessitated by the construction of said dam. In other words, it is their theory that the Conservancy District, which has the right of dominant eminent domain, must appropriate from the railroad company, and the railroad company must, in turn, appropriate such land as may be necessary for the relocation of its road. We believe this proposition to be unsound and the same is fully answered and very nicely treated in the case of Dohany v Rogers, 281 U. S. 362. In that case, Mr. Justice Stone, in delivering the opinion, held:

"We need not inquire whether, under the peculiar provisions of the Michigan statutes, the proposed taking of appellant's land is for highway or railway purposes. It is enough that, although the land is to be used for a right-of-way for a railroad, its acquisition is so essentially a part of the provision for improving the highway as to be for a public use."

Brown v United States and Pitsnogle v Railway Company were both cited in this opinion.

We are of the opinion that these cases conclusively establish the right of the Conservancy District to appropriate the real estate in question for the relocation of the Pennsylvania Railroad as incidental to and made necessary by the construction of the Dover Dam according to the official plan of the district. The foregoing authorities clearly hold that this is the taking of property for public use.

Before concluding this opinion, we desire to say that in approving the original order of Judge Lindsay, the trial judge, finding in favor of the district on the preliminary questions under §11046 GC, without saying their exceptions, precludes the plaintiffs in error from raising those questions by error proceedings in this court. §11560 GC provides that, "The party objecting to the decision must object at the time it is made." There are numerous authorities to this effect that errors not excepted to are not reviewable by a higher court. Plaintiffs in error attempted to raise the same preliminary questions by filing an answer when the case was being submitted to a jury upon the questions of compensation and damages. There is no authority in law for this and the court below properly overruled their motions. The decisions are unanimous in holding that the jurisdictional questions required by §11046 GC are for the court to hear and determine, and until the court has so determined, it is without jurisdiction to order an appropriation and impanel a jury for the assessment of compensation and damages. Railway Company v Cable Company, 68 Oh St 306.

While it is elementary that jurisdiction of the subject matter is never waived, yet the Supreme Court of Ohio in the case of State of Ohio ex Geo. D. Harter Bank of Canton, Ohio, as Trustee for Canton Council, Boy Scouts of America, and Frank G. Hoover of Canton, Ohio, as plaintiffs, v E. E. Lindsay, Judge of the Court of Common Pleas of Tuscarawas County, Ohio, as defendant, cause No. 25444, to prohibit Judge Lindsay from entering a final judgment in this case immediately after the verdict of the jury upon practically the same grounds set forth in these error proceedings, sustained a demurrer to relator's petition and dismissed said cause upon the ground that the Court of Common Pleas of Tuscarawas County, Ohio had jurisdiction of the subject matter in these appropriation proceedings and that prohibition did, therefore, not lie. Ohio State Bar Association Report for June 17, 1935, page 157.

So, from the foregoing we conclude that there is no error apparent upon the face of the record in this case and that the judgment of the Court of Common Pleas should be and the same is hereby affirmed. Exceptions may be noted.

MONTGOMERY and SHERICK, JJ, concur.