EAST OAKS DEVELOPMENT,
INC., Appellant,

v.

IOWA DEPARTMENT OF
TRANSPORTATION,
Appellee,

Funtime Rentals, Inc. and Parks Marina, Inc., City of Okoboji and City
of Arnolds Park, Intervenors.

No. 97–2219.

Supreme Court of Iowa.

Dec. 22, 1999.

John G. Martens of Terrill & Martens Law Offices, Ames, for appellant.

Thomas J. Miller, Attorney General, David A. Ferree, Special Assistant Attorney General, and Kerry Anderson, Assistant Attorney General, for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, CADY, and ANDREASEN,* JJ.

CARTER, Justice.

East Oaks Development, Inc. (East Oaks), the plaintiff in the district court, appeals from the denial of injunctive relief in connection with its challenge to the authority of the appellee, Iowa Department of Transportation (DOT), to condemn a portion of East Oaks' lands. The intervenors Funtime Rentals, Inc. and Parks Marina, Inc. are aligned with the appellant. The intervenors City of Okoboji and City of Arnolds Park are aligned with the appellee.

The crux of this appeal is the contention made by East Oaks that, because the particular piece of property being taken in the proposed condemnation is for use as a recreational bikeway, the eminent domain proceeding was beyond the authority of the DOT. The district court concluded that, although the DOT lacks general eminent domain authority with respect to the establishment of recreational bikeways, the condemnation that it proposed in the present case was authorized because a scheduled primary road-widening project would, but for the proposed condemnation of additional lands, interrupt an existing recreational bikeway. After reviewing the record and considering the arguments presented, we affirm the judgment of the district court.

---

* Senior judge assigned by order pursuant to    Iowa Code section 602 .9206 (1999).

In 1997 the DOT began a highway-widening project on U.S. Highway 71 through Dickinson County. The widening of the highway interrupted an existing recreational bikeway established by the Dickinson County Conservation Board in cooperation with the Iowa Department of Natural Resources, the Iowa Department of Economic Development, and the Iowa Department of Cultural Affairs. To alleviate that deprivation, the DOT proposed to condemn a portion of East Oaks' property in the City of Okoboji for purposes of reconnecting the separated segments of the bikeway.

East Oaks filed a petition in equity seeking to enjoin the condemnation of the relocated bikeway route. In denying the requested relief, the district court noted that Iowa Code section 465B.2, which provides for the involvement of the DOT in "the acquisition, development, promotion, and management of recreation trails throughout the state," does not confer the power of eminent domain to that agency with respect to such activities. The statute only speaks to the agency acquiring property "by negotiated purchase." Iowa Code § 465B.2(3) (1997). Nevertheless, the court upheld the proposed taking on the basis that the relocation of the bikeway was an integral part of the highway-widening project.

## I. *Standard of Review.*

■ A request for injunctive relief invokes the court's equitable jurisdiction. *Luloff v. Lichty,* 569 N.W.2d 118, 122 (Iowa 1997); Iowa R. Civ. P. 320. Thus, this court's review is de novo. *Luloff,* 569 N.W.2d at 122; Iowa R.App. P. 4.

## II. *Whether the Proposed Taking Is Lawful.*

The power of eminent domain under public authority is presumed in the Iowa Constitution, subject to the limitation that "[p]rivate property shall not be taken for public use without just compensation first being made, or secured to be made to the owner thereof, as soon as the damages shall be assessed by a jury...." Iowa Const. art. I, § 18. The General Assembly has provided that the power of eminent domain to be enjoyed by state agencies and local governing bodies shall be as delegated by legislative act. Iowa Code § 6A.1. If authorization for a particular public taking has not been delegated to a particular agency or public body, it may be exercised in the name of the executive council. *Id.*

The delegation of eminent domain authority to cities and counties is contained in Iowa Code section 6A.4. Delegation to state agencies is contained in miscellaneous statutes dealing with the powers of the respective agency. The delegation of the power of eminent domain to the department of transportation for highway construction purposes is contained in Iowa Code section 306.19(1), which provides in part:

In the maintenance, relocation, establishment, or improvement of any road, including the extension of such road within cities, the agency having jurisdiction and control of such road shall have authority to purchase or to institute and maintain proceedings for the condemnation of the necessary right-of-way therefor. Such agency shall likewise have power to purchase or institute and maintain proceedings for the condemnation of land necessary for highway drainage, or land containing gravel or other suitable material for the improvement or maintenance of highways, together with the necessary road access or right of access thereto.

The DOT has jurisdiction over primary highways such as U.S. 71. Iowa Code § 306.4(1).

■ East Oaks points out that the DOT's eminent domain authority for highway purposes is limited by section 306.19(1) to necessary right of way, necessary access, and necessary drainage. Because the challenged taking does not involve any of these items and the DOT's involvement with the acquisition, development, promotion, and management of recreational trails, as specified in Iowa Code

chapter 465B, does not purport to grant a power of eminent domain, East Oaks urges that the taking is invalid.

■ Although we agree with East Oaks that the DOT has no general eminent domain authority for establishing recreational trails or bikeways, we conclude that the district court was correct in authorizing the taking involved in the present case. It is suggested in 26 Am.Jur.2d *Eminent Domain* section 37, at 483 (1996) that, in connection with takings for highway purposes, "the fact that land acquired may be used by another state agency does not defeat a lawful acquisition, if the taking essentially serves a public purpose for highway use." The case cited in support of that proposition is *Kelmar Corp. v. District Court,* 269 Minn. 137, 130 N.W.2d 228 (1964). In that case, the construction of a bridge by Minnesota highway authorities encroached on the channel of a federally regulated waterway. In order to accommodate that deprivation, the state highway authorities condemned a tract of land for the purpose of allowing a federal agency to reconstruct the channel. In approving that taking under a power of eminent domain for highway purposes, the Minnesota court declared:

> While the property involved here will serve a purpose in the general scheme of navigation and flood control, it will also bring the channel of the river close to the high west bank, and thus essentially improve the public highway system.

*Kelmar,* 130 N.W.2d at 233. In the present case, it was demonstrated that the proposed taking would improve the highway system by allowing bikers to remain on a designated recreational trail without the necessity of crossing or traveling upon a highly traveled roadway. Concerns similar to those presented in the Minnesota case prompt us to uphold the district court's decision approving the taking of lands for the relocation of a recreational trail.[1]

We have considered all issues presented and conclude that the judgment of the district court should be affirmed.

**AFFIRMED.**

---

1. Principles applied in the *Kelmar* case with respect to the forced relocation of a public area by the action of another public agency have also been followed in cases in which private interests forced to relocate have been aided by the public authority's power of eminent domain. In *George D. Harter Bank v. Muskingum Watershed Conservancy District,* 4 N.E.2d 996, 1000 (Ohio Ct.App.1935), the court upheld the right of a state agency empowered to condemn land for the construction of a dam to also condemn additional land required for the relocation of a railroad line that would be inundated by the project. Similarly, a decision of the United States Supreme Court upheld a taking under Michigan law in a case in which a portion of a railroad was forced to be relocated by a highway project. The Court stated:

> We need not inquire whether, under the peculiar provisions of the Michigan statutes, the proposed taking of appellant's land is for highway or railway purposes. It is enough that, although the land is to be used as a right of way for a railroad, its acquisition is so essentially a part of the project for improving a public highway as to be for a public use.

*Dohany v. Rogers,* 281 U.S. 362, 366, 50 S.Ct. 299, 301, 74 L.Ed. 904, 910 (1930).