CYRUS B. BARNES, WILLIAM H. BARNES, AND CHARLES O. BARNES v. THE MICHIGAN AIR LINE RAILWAY.

[See 40 Mich. 383; 44 Id. 222; 54 Id. 243.]

*Railroad companies—Condemnation proceedings—Damages.*

It is the settled law of this State that, when proceedings are had to condemn lands for railways, the jury should consider, and the land-owners should lay before them, *all* the consequences of the appropriation of the land in the *manner* in which the company will use it ; and it is the business of the jury to compensate the owner for what his landed interest will suffer from the use proposed to be made of it by the railroad company. The company cannot be expected or required to resort to a new condemnation whenever some new expenditure is to be made or change effected, unless it is something so plainly repugnant to or varying from the purpose originally contemplated as to amount to a change of user.

Error to Oakland. (Stickney, J.) Argued January 5, 1887. Decided April 14, 1887.

Case. Defendant brings error. Reversed. The facts are stated in the opinion.

*A. C. Baldwin* and *E. W. Meddaugh*, for appellant.

*Henry M. Cheever* and *Joseph H. Holman*, for plaintiffs.

CAMPBELL, C. J. Plaintiffs own and occupy a paper-mill in Rochester, Oakland county, run by water-power derived from Clinton river and Paint creek. This suit is brought for damages alleged to have been caused by the construction and

·maintenance of railroad tracks and bridges across the prem-
ises of plaintiffs, damaging the water-power, and otherwise
injuring them.    Upon the trial the case was submitted by the
·court to the  jury upon such damages as were caused by cer-
tain braces or cross-pieces, whereby the bridge piles across the
water-way were held together in place.

Many questions were ruled on and brought up for review,
which, as we regard the case, need not be discussed, although,
upon a different state of pleadings and controversy, they
would be important and require notice.

The declaration is in case for an entry about the close of
November, 1878, under color of a legal statutory condemna-
tion, and the construction of track, bridges, and other things
·somewhat specifically described.    The only obstruction set
forth concerning obstruction of the races is the driving of
piles and the deposit of stones.    All of these things are set·out
·as the pursuance of a single scheme, whereby the alleged
nuisance was created in pursuance of an authority claimed
·to be legal, but which was not legal.

The defense is that, while the defendant company pro-
·ceeded in the first instance to build and carry out its im-
provements under color of proceedings which were reversed,
yet a subsequent condemnation was had, which was con-
firmed, and plaintiffs were awarded compensation which is
final, and cannot be swelled by further litigation.

These latter proceedings were subsequent to anything
which can be properly regarded as charged in the declaration;
and in our opinion they covered everything which was sub-
mitted to the jury.    The declaration does not set up, and we
think the facts do not show, any change of plan in the
bridges, or anything which was not the natural and legiti-
mate completion of the structure, which was so far progressed
·in when the second proceedings were had that the entire
nature and probabilities of the damage were fairly before the
jury.    There is no practical difference of opinion concerning

the fact that a pile bridge is unsafe and incomplete without. stays, and there is nothing in the declaration counting upon any such addition as a cause of damage.. The view taken by the pleader in drawing the declaration was in precise accord with the weight of the testimony, and cannot be supposed to have been careless or improper. The case was evidently commenced with an idea that some question could be raised concerning continuing damages as not precluded by the award.

But it is the settled law of this State that, when proceedings are had to condemn lands for railways, the jury should consider, and the land-owners should lay before them, all the consequences of the appropriation of the land in the manner in which the company will use it. This was laid down in *Harlow v. Marquette, H. & O. R. R. Co.*, 41 Mich. 336, in doctrine which was followed in *Dunlap v. Toledo, A. A. & G. T. Ry. Co.*, 50 Id. 470. The same principle is familiar in many shapes. It is the business of the jury to compensate the owner for what his landed interest will suffer from the use proposed to be made of it by the railroad company. The company cannot be expected or required to resort to a new condemnation whenever some new expenditure is to be made or change effected, unless it is something so plainly repugnant to or varying from the purpose originally contemplated as to amount to a change of user. It is not necessary to consider now how far such variations must go to be so accounted, but they must be at least very serious. In the present case nothing was done beyond completing a bridge in such a way as is common and proper, if not absolutely necessary. There would be no safety in condemnation proceedings if such action would require a new condemnation.

The case presented, as left to the jury, and as shown by the plaintiff's testimony, no cause of action. The judgment. must be reversed, with costs of both courts.

The other Justices concurred.