*In re* PETITION OF BOARD OF COUNTY ROAD COMMIS-
SIONERS OF MACOMB COUNTY.

1. EMINENT DOMAIN — HIGHWAYS AND STREETS—SPECIAL COM-
MISSIONERS RESIDING IN CITY WHOLLY WITHIN TOWNSHIP
WHERE LAND SITUATED DISQUALIFIED.

In proceedings by the board of county road commis-
sioners under Act No. 352, Pub. Acts 1925, for the ap-
pointment of court commissioners to determine the neces-
sity of taking private land for a public highway and to fix
the compensation therefor, commissioners who reside in
a city wholly within the township in which the land
sought to be taken is situated are disqualified under section
13 of said act.    FEAD, C. J., and NORTH and SHARPE, JJ.,
dissenting.

2. SAME—CONSTITUTIONAL LAW.

Private property may not be taken by the public without
just compensation.

3. SAME—JUST COMPENSATION—APPLICABILITY OF STATUTE.

Act No. 191, Pub. Acts 1925, permitting court commis-
sioners to take into consideration the benefits accruing to
an owner of land taken for highway purposes by reason
of said highway, in determining just compensation there-
for, serves a lawful purpose, within constitutional limita-
tions, only in case of no previous or subsequent assessment
for benefits, but in case of previous or subsequent special
assessment for benefits, section 18, Act No. 352, Pub. Acts
1925, applies.

4. SAME—BENEFITS DEDUCTED FROM DAMAGES SHOULD ALSO BE
DEDUCTED FROM SPECIAL ASSESSMENT.

If there is no special assessment, then Act No. 191, Pub.
Acts 1925, is applicable, and the owner, if awarded his
damages less his benefits, obtains just compensation; but
if awarded damages less his benefits, and there is also
imposed a special assessment for benefits which he must
pay in full, then just compensation is not awarded, for in
such case he is twice charged with benefits.

[1]Eminent Domain, 20 C. J. § 416; [2]Id., 20 C. J. § 123; 10 R.
C. L. 124; 2 R. C. L. Supp. 976; 6 R. C. L. Supp. 597; 7 R.
C. L. Supp. 320; [3]Id., 20 C. J. § 253.

5. SAME—AWARD WHEREIN BENEFITS DEDUCTED WERE NOT STATED
   VOID.

   Where, at the time court commissioners determined the
   compensation to be awarded for land taken for highway
   purposes, a special assessment had been made against
   the land, and the commissioners deducted the amount of
   benefit accruing thereto by reason of the highway, but
   did not state the amount so that it might be deducted from
   the special assessment, with the result that the owners
   were twice assessed for benefits, the award of the com-
   missioners is set aside as not being just compensation
   under the Constitution and Act No. 352, Pub. Acts 1925.

6. SAME—CERTIORARI — HIGHWAYS AND STREETS—OBJECTION NOT
   SEASONABLY RAISED NOT CONSIDERED.

   On certiorari to review the determination of court commis-
   sioners as to the necessity for taking private land for
   highway purposes and fixing just compensation therefor,
   the objection that the proposed highway is not a county
   but an intercounty one, and therefore is wholly under the
   jurisdiction of the State highway department, where not
   seasonably raised, will not be considered.

Certiorari to Macomb; Reid (Neil E.), J.    Sub-
mitted January 3, 1928; resubmitted March 27, 1928.
(Docket No. 25.)    Decided April 3, 1928.

Proceedings by the board of county road commis-
sioners of Macomb county against William Vermander
and another to establish a highway.    From an order
confirming the award of commissioners, defendants
bring certiorari.    Reversed.

*Stone & Matthews,* for appellants.

*John A. Weeks,* for appellees.

WIEST, J.    We here review proceedings to establish
a highway in the county of Macomb.    Petitioners for
the writ, and herein styled defendants, own a farm
of 82 acres in the township of Clinton in that county.

---

[a]Eminent Domain, 20 C. J. § 506.

By action of the board of county road commissioners a highway was proposed from the south county line through the townships of Warren, Erin, and Clinton to the city of Mt. Clemens. The proposed highway cuts through defendants' farm to a width of 120 feet and a length of 2,103.10 feet, taking 5.69 acres of land, and, if opened, will require removal of defendants' barn and placement of farm fences. The county road commissioners, not being able to purchase defendants' land wanted for the highway, applied to the circuit court for the appointment of three court commissioners to determine the necessity for the highway, need of taking land of defendants and others therefor, and to fix the compensation. The court appointed three court commissioners, two of whom resided in the city of Mt. Clemens. The court commissioners heard proofs, determined the proposed highway necessary, approved the taking of defendants' land for such purpose, and appraised the damages to be paid as compensation to defendants at the sum of $650. Defendants filed objections to the report of the court commissioners and opposed confirmation by the court, claiming the award inadequate, the highway not necessary, and that two of the court commissioners were disqualified by statute. Defendants, upon the hearings before the court commissioners and the court, contended that the 5.69 acres of their land, taken for the highway, were worth upward of $1,200 per acre, and that it would cost between $300 and $400 to move the barn, and $500 to place fences. The State highway department has assessed defendants on account of the proposed highway the sum of $8,117.31.

Section 13, Act No. 352, Pub. Acts 1925, relates to the appointment of court commissioners and provides:

"Said commissioners shall not be residents of the township in which the property sought to be taken is situated."

242—Mich.—16.

The defendants' farm is in Clinton township. The city of Mt. Clemens is wholly within Clinton township. Two of the court commissioners were residents of the city of Mt. Clemens. Were such commissioners disqualified? The answer should serve the purpose of the statute. Such purpose is apparent, and excludes neighbors. The proposed highway is to run to the city of Mt. Clemens, the home city of two of the court commissioners. While the two commissioners were residents of the city, that city was within the township, occupying territory from which residents could not be selected. True, the city of Mt. Clemens is a municipal entity apart from the township entity, but the intent of the statute is to exclude residents within designated territorial limits, regardless of division for municipal purposes. The proposed super highway is to reach the city of Mt. Clemens and the interest therein sought to be avoided in the selection of court commissioners applies with equal force to residents of the city within the geographical limits of the township and residents of the township without the city. The two court commissioners, residents of the city of Mt. Clemens, were disqualified by the statute, and all proceedings before them were futile and their determinations null and void.

The damages awarded defendants by the court commissioners were inadequate and not within the range of any evidence. We consider this subject in order to avoid like error in case other court commissioners are appointed. The proceedings here involved appear to have been taken under the provisions of Act No. 283, Pub. Acts 1909, as amended by Act No. 191, Pub. Acts 1925.

The award made by the court commissioners cannot stand. Private property may not be taken by the public without just compensation. This applies with full force to highway proceedings.

Act No. 191, Pub. Acts 1925, permits court commissioners, in determining just compensation, to take into consideration the benefits accruing to an owner by reason of the highway. If there is no special assessment, then the owner, if awarded his damages less his benefits, obtains just compensation, but, if awarded damages less his benefits, and there is also imposed a special assessment for benefits, which he must pay in full, then just compensation is not awarded, for in such case he is twice charged with benefits. Act No. 191 serves a lawful purpose, within constitutional limitations, only in case of no previous or subsequent assessment for benefits.

Section 18, Act No. 352, Pub. Acts 1925, takes care of the subject of just compensation in case of a previous or subsequent special assessment for benefits. We quote the applicable parts of such section:

*    *    *    "The benefits accruing to owners of lands by reason of laying out, altering, widening or otherwise improving any highway or of changing the line thereof, shall be taken into consideration in determining the damages to be paid to any such owner as compensation for the taking of any of his property for any such highway purpose. In each such case, the commissioner or commissioners having the matter in charge, or the court commissioners, as the case may be, shall state such fact and the amount deducted on account thereof in the determination, or report, as the case may be; and should any special assessment be thereafter made upon such lands on account of such improvement, the owner or owners thereof shall be credited on such special assessment with the sums so deducted for benefits as aforesaid. In like manner, the court commissioners, in considering benefits, shall give to owners of lands already specially assessed on account of the improvement for which the property is being taken, credit to the amount of such special assessment, as against any allowance for benefits, in their determination of damages to be paid as compensation for such taking."

At the time the court commissioners acted in the case at bar a special assessment, amounting to $8,117.31, had been made. The commissioners evidently deducted the benefits from the damages but failed to state the amount so as to give defendants credit therefor on the special assessment. This resulted in deducting defendants' benefits from their compensation and leaving as well the whole special assessment for benefits to stand. Such may not be done. The quoted statute means that benefits deducted from compensation shall, to the amount so deducted, reduce the special assessment.

Defendants' land, taken for the highway, was worth, according to the evidence, the sum of $6,828. This does not include the expense of moving a barn from the right of way and refencing. The court commissioners awarded compensation to defendants in the sum of $650. This was increased by the court to $850; but, for the purposes of considering the action of the commissioners, we will not take the latter figure. The award of $650, deducted from $6,828, the value of the land taken, leaves $6,178, as the amount of the benefits fixed by the commissioners. While the report of the commissioners does not give the sum deducted for benefits, and what we have said is not to be taken as conclusive, it is near enough, under the undisputed evidence, to illustrate the injustice of the award made.

Defendants' damages, if reduced $6,178 on account of benefits, and if they must also pay the special assessment of $8,117.31, will result in having their land taken at the sum of $650 and that they are benefited by the highway to the extent of $14,295.31. Such a result is forbidden by the Constitution and the statutes. The court commissioners should have definitely determined and specified in their report the amount of the benefits considered by them in award-

ing compensation and thereby have afforded defendants, who were already specially assessed, credit to such amount upon the special assessment. If the law had been followed, then, instead of making defendants stand $14,295.31 for benefits, the $6,178, if deducted on account of benefits, could be deducted from the special assessment of $8,117.31, and would leave $1,939.31, to be paid in satisfaction of the special assessment. It was the statutory duty of the court commissioners, if they considered benefits in reduction of damages, to specifically set out in their report the amount thereof in order that the sums so deducted could be set against the special assessment. Under previous law the court commissioners could not consider benefits at all in awarding compensation, and, under present law, while they may consider benefits, whatever sum they deduct on that account from damages suffered by the landowner must be stated in their report and thereby made available in reduction of a special assessment. Anything less than this would fall short of the requirement in the Constitution that just compensation be awarded, and recognized by the legislature in Act No. 352, Pub. Acts 1925.

Defendants claim that the proposed highway starts at the city of Detroit in Wayne county, and, therefore, is not a Macomb county highway but an intercounty road and wholly under the jurisdiction of the State highway department, and, therefore, the Macomb county road commissioners acted without jurisdiction and all proceedings herein are a nullity. Defendants did not seasonably raise such an objection to the proceedings and we must decline to go back of their entry into the contest and consider objections they might have raised had they appeared earlier.

For the reasons stated we hold the appointment of the court commissioners void and all proceedings before them, inclusive of their determination, report, and

confirmation thereof in the circuit, null and void. Defendants will recover costs.

FELLOWS, CLARK, MCDONALD, and POTTER, JJ., concurred with WIEST, J.

SHARPE, J. (*concurring in part*).     I concur in the conclusion reached by Mr. Justice WIEST in relation to benefits.

I cannot, however, yield assent to his holding that "the city of Mt. Clemens is wholly within Clinton township."     Under our statutes (1 Comp. Laws 1915, §§ 2047, 3304), "The inhabitants of each organized township shall be a body corporate" and "Each organized city shall be a body corporate."

The act (Act No. 308, Local Acts 1879) incorporating the city of Mt. Clemens reads in part as follows:

"That the following described territory in the county of Macomb and State of Michigan bounded and described as follows  *  *  *  be and the same is incorporated and made, constituted and organized into a city to be known as the city of Mount Clemens."

This act did not in terms detach lands from the township of Clinton.     It incorporated certain territory in the county of Macomb into a city and vested in its inhabitants all the powers, rights, and privileges conferred on cities by the general laws of the State.     The territory thus incorporated then ceased to be a part of the township.     Its inhabitants then became a body corporate, and were no longer residents of the township of Clinton.

FEAD, C. J., and NORTH, J., concurred with SHARPE, J.