## DOHANY *v.* ROGERS, STATE HIGHWAY COMMISSIONER OF MICHIGAN, ET AL.

No. 338.   Argued March 14, 1930.—Decided April 14, 1930.

*Mr. Frank H. Dohany, pro se.*

*Messrs. Wilber M. Brucker* and *Kit F. Clardy* for Rogers.

*Messrs. Frederic T. Harward* and *H. V. Spike* were on the brief for the Detroit, Grand Haven & Milwaukee Railway Company and the H. W. Nelson Company.

Mr. Justice Stone delivered the opinion of the Court.

This is an appeal under § 266 of the Judicial Code from a decree of a district court of three judges, for the Eastern

District of Michigan, dismissing appellant's complaint. The suit was brought to enjoin the State Highway Commissioner and others from acquiring a right of way for railway use, across land of the appellant, and from prosecuting a proceeding in the state courts for the acquisition of the right of way, by condemnation, on the ground that the state statutes under which the proceeding was had infringed the state constitution and the Fourteenth Amendment of the Federal Constitution.

The State Highway Commissioner is engaged in carrying out a project for the construction and widening of a state highway between Detroit and Pontiac, Michigan, which, for several miles, adjoins the right of way of the respondent, Detroit, Grand Haven & Milwaukee Railway Company. As a part of the project, it is proposed to include in the highway the adjacent railroad right of way. This is to be acquired by relocating the railway on lands to be taken in the pending condemnation proceedings, and exchanged for the present right of way. As authorized by No. 215 of the Michigan Public Acts of 1925 and No. 340 of the Acts of 1927, the Commissioner has entered into a contract with the railroad company for the proposed exchange, to be effected when the Commissioner has acquired, by purchase or eminent domain, the lands on which the railroad is to be relocated. Acting under No. 352 of the Michigan Public Acts of 1925, as amended by No. 92 of the Acts of 1927, the Commissioner has begun, in the Probate Court of Oakland County, the proceeding which the appellant seeks to enjoin in the present suit.

In proceedings brought under the act last mentioned, commissioners appointed by the court fix the compensation for lands taken, after a hearing, and are required to assess the benefits accruing to land owners by reason of the establishment of the highway. Review may be had by certiorari. Proceedings brought by incorporated rail-

way companies for condemnation of property for railway use, so far as relevant to the present inquiry, are governed by other statutes. Railway Condemnation Statutes, §§ 8249–8257, Michigan Comp. Laws (1915). Under them the land owner, it is contended, is accorded rights or privileges withheld from him by the Highway Condemnation Act. They are (a) the right to possession of his property until damages have been finally assessed and paid, (b) the right to consequential damages for diminution in value of any part of the tract not taken, (c) the right to damages without deduction of benefits accruing from the construction of the railroad, (d) the right to attorneys' fees and expenses in addition to damages, (e) the right to trial by jury, and (f) the right to review by appeal instead of by certiorari. Other differences are of less importance.

All questions of the propriety, under the state constitution and laws, of condemning plaintiff's land in the pending proceeding, rather than under the Railroad Condemnation Law, have been resolved in respondent's favor by the Michigan Supreme Court in other suits, which involved lands taken for the same project under the same contract and by like procedure. *Fitzsimons & Galvin, Inc.* v. *Rogers,* 243 Mich. 649; *Johnstone* v. *Detroit, Grand Haven & Milwaukee Ry. Co.,* 245 Mich. 65. Accepting this interpretation of the local law by the highest court of the State, *Rindge Co.* v. *Los Angeles Co.,* 262 U. S. 700, 708, we restrict our inquiry to the questions raised under the Federal Constitution.

The appellant contends that the taking of his land for the purpose of exchange with the railway company is for a private and not a public purpose (see *Missouri Pacific Ry.* v. *Nebraska,* 164 U. S. 403, 417,) and that the statute which authorizes the condemnation of his property by a proceeding under the Highway Act, when it is to be devoted to railway use, deprives him of the special advan-

tages named which are accorded to land owners whose property is taken under the Railway Condemnation Statutes, and so denies to him due process of law and the equal protection of the laws.

We need not inquire whether, under the peculiar provisions of the Michigan statutes, the proposed taking of appellant's land is for highway or railway purposes. It is enough that although the land is to be used as a right of way for a railroad, its acquisition is so essentially a part of the project for improving a public highway as to be for a public use. See *Brown* v. *United States,* 263 U. S. 78; *Pitznogle* v. *Western Md. R. R. Co.,* 119 Md. 673; *Rogers* v. *Bradshaw,* 20 John. 735. Nor is the requirement of the Highway Act that the appellant surrender possession of the property before payment of compensation, in itself, a denial of due process, so long as the payment of the award is insured, which is not questioned here. Sec. 20, Act No. 352 of 1925 as amended. *Backus* v. *Ft. Street Union Depot Co.,* 169 U. S. 557, 568; *Joslin Mfg. Co.* v. *City of Providence,* 262 U. S. 668; *Rindge Co.* v. *Los Angeles Co., supra.* In other respects the advantages of proceeding under the Railway Condemnation Act, alleged to be withheld from appellant, fall into two classes, those which affect the measure of his recovery and those which relate to details of procedure.

The right to just compensation to which appellant is entitled under the due process clause, without regard to the particular procedure employed, is guaranteed both by the Fourteenth Amendment and Art. 13 of the Michigan constitution. We cannot assume that under the procedure prescribed by the state for the taking of appellant's land he will not be entitled to receive or will in fact be denied the just compensation which the Constitution guarantees.

On the contrary, the Supreme Court of Michigan has explicitly pointed out that the procedure and statutes

presently involved not only insure just compensation in the constitutional sense but allow the full measure of compensation, for the taking, provided by the Railway Act. In addition, it is emphasized that even though the land be taken under the Highway Act, that Act, like the Railway Act, does not permit the offset of benefits arising from railroad construction against damages for the taking, since it only permits deduction of benefits derived from the construction of a highway. *Fitzsimons & Galvin Co., Inc.* v. *Rogers, supra,* 664,[1] see *Johnstone, et al.* v.

---

[1] " It is true that the highway law of this State provides that in fixing compensation the benefits accruing to the property owner are offset against the damage awarded. See Act No. 352, Pub. Acts 1925, § 18; *In re Macomb County Board of County Road Com'rs,* 242 Mich. 239. But it does not follow from this that in a proceeding wherein the State highway commissioner is seeking to secure a right of way, the damage to be awarded the property owner will be anything short of the ' just compensation ' provided in section 2 of Art. 13 of the Constitution. In the present case, as in an ordinary proceeding for condemning a right of way for a railroad, it will be the duty of the commissioners ' to compensate the owner for what his landed interest will suffer from the use proposed to be made of it by the railroad company.' *Barnes* v. *Railway Co.,* 65 Mich. 251. Adequate compensation is such only as puts the injured party in as good condition as he would have been in if the injury had not been inflicted. It includes the value of the land, or the amount to which the value of the property from which it is taken is depreciated. *Grand Rapids, etc. R. Co.* v. *Heisel,* 47 Mich. 393. There is no provision in our statutes for offsetting benefits against damages incident to taking land for a railroad right of way; and in the absence of an express statutory provision such a deduction cannot be made. *Detroit, etc. R. Co.* v. *National Bank,* 196 Mich. 660; *State Highway Commissioner* v. *Breisacher,* 231 Mich. 317. With this construction placed upon the highway act, it is not subject to the objection that it fails to provide adequate compensation for the property owner and is therefore unconstitutional. Nor does it leave force to plaintiff's contention that since it is here sought to condemn a railroad right of way the procedure must be under and in accordance with the general railroad act rather than under the highway law." Per North, J., *Fitzsimons & Galvin, Inc.* v. *Rogers,* 243 Mich. 649, 664, 665.

Detroit, Grand Haven & Milwaukee Ry. Co., supra, 68;
In re Widening of Bagley Avenue, 248 Mich. 1; In re
Widening of Fulton Street, 248 Mich. 213.

As thus construed the Michigan statutes afford no
basis for anticipating that, in the pending proceeding,
just compensation will be denied, or that any advantages
given by the provisions of the Railway Act with respect
to the amount of compensation for the land taken or the
deduction of benefits will be withheld from appellant.
Hence it is unnecessary to say, in response to the con-
tention pressed upon us, how far these advantages if not
secured to appellant by the Highway Act or embraced
within just compensation are conferred upon him by
constitutional guaranties. See McCoy v. Union Elevator
Railroad Co., 247 U. S. 354; Bauman v. Ross, 167 U. S.
548.

Attorneys' fees and expenses are not embraced within
just compensation for land taken by eminent domain.
See Joslin Mfg. Co. v. City of Providence, supra, 675.
A state may allow the recovery of an attorney's fee in
special classes of proceedings while withholding them in
others. People of Sioux City v. National Surety Co.,
276 U. S. 232, 234; C. & N. W. Ry. v. Nye, etc. Co., 260
U. S. 35; Missouri, Kansas & Texas Ry. v. Cade, 233
U. S. 642; Farmers, etc. Ins. Co. v. Dobney, 189 U. S.
301. In condemnation proceedings it may classify those
whose property is taken and allow the one class expenses
not granted to another. Joslin Mfg. Co. v. City of Prov-
idence, supra, 675. Since a permitted classification of
those upon whom liability for attorneys' fees is imposed
involves the denial of their recovery to some, appellant
cannot object here to a classification allowing attorneys'
fees in condemnation proceedings brought by railroad
companies and denying them when brought by the state.
If the classification is valid he cannot complain, if invalid,

the fees denied to him under the Highway Act could not have been recovered under the Railway Act.

The due process clause does not guarantee to the citizen of a state any particular form or method of state procedure. Under it he may neither claim a right to trial by jury nor a right of appeal. Its requirements are satisfied if he has reasonable notice and reasonable opportunity to be heard and to present his claim or defense, due regard being had to the nature of the proceeding and the character of the rights which may be affected by it. *Reetz* v. *Michigan,* 188 U. S. 505, 508; *Hurwitz* v. *North,* 271 U. S. 40; *Bauman* v. *Ross,* 167 U. S. 548, 593; *Backus* v. *Union Depot Co., supra,* p. 569.

Nor does the equal protection clause exact uniformity of procedure. The legislature may classify litigation and adopt one type of procedure for one class and a different type for another. That condemnation proceedings under the Highway Act are conducted on behalf of the State is in itself sufficient basis for the exercise of the legislative judgment in providing for it a different procedure from that prescribed for the exercise of eminent domain by a private corporation. See *Backus* v. *Union Depot Co., supra,* p. 570.

The decree dismissing the appellant's bill was attested by only one of the three judges who heard the case. The appellant contends that it " does not purport to be authorized or sanctioned " by either of the other two judges. The decree on its face purports to be by the District Court sitting in the cause. It recites in terms that " the court, . . . being fully advised in the premises, do now here order, adjudge and decree . . . " and the record shows that the court referred to was made up of three judges, required by § 266. Even if, as appellant assumes, this statement by one judge is not to be relied upon, there is ample authorization and sanction for the decree in the

opinion signed by two of the judges and the concurring opinion of the third. This we think equivalent for that purpose to an announcement in open court, three judges sitting. See *Cumberland Telephone & Telegraph Co.* v. *Louisiana Public Service Commission,* 260 U. S. 212, 218.

We have considered, but do not discuss, other contentions of appellant of less moment.

*Affirmed.*