**WEISER et, In Re**

Ohio Common Pleas, Delaware Co

Decided July 5, 1938

Herbert S. Duffy, Attorney General, Columbus, F. Leroy Allen, Asst. Atty. General, Columbus, for the Director of Highways.

Humes & McAllister, Delaware, for the land owners.

## OPINION

By WICKHAM, J.

The director of highways of the State of Ohio is seeking, under the power of eminent domain, to appropriate an easement for highway purposes from certain land owners along what is commonly known as U. S. Route 23 north of the City of Delaware, Ohio, in Troy Township of this county. A number of the land owners have appealed from the amount offered them as compensation and damages, and they raise two objections; first, that the director has no authority to postpone the payment until after the proposed improvement is completed, as he has elected to do in his resolution, and second, that the amount of land sought to be taken for highway purposes amounts to an abuse of discretion on the part of the director.

We will first consider the contention that the director of highways has no authority to postpone the payment of compensation and damages to these land owners until after the completion of the improvement, and that this court should, pursuant to the land owners various motions, assign their various cases for immediate trial.

The action of the director is taken under §§1201 and 1201-1, GC, as amended, which became effective August 23, 1937.

The land owners claim that these portions of these statutes relating to postponement of the trial are unconstitutional, and this makes it necessary to refer to **Article 1, §19, of the Constitution of Ohio** which reads as follows:

"Private property shall ever be held inviolate but subservient to the public welfare. When taken in time of war, or other public exigency, imperatively requiring its immediate seizure or for the purpose of making or repairing roads, which shall be open to the public, without charge, a compensation shall be made to the owner in money, and in all other cases, where private property shall be taken for public use, a compensation therefor shall first be made in money, or first secured by a deposit of money, and such compensation shall be assessed by a jury, without deduction for benefit to any property of the owner."

Counsel for the landowners seem to take the position that only when land is taken for roads in time of war or other public exigency may the payment of compensation be postponed. We do not so construe the constitution and we think that the opinion of Judge Sullivan in the case of **Occo Realty Company v The N. Y. C. & St. L. Railroad Co.**, 33 Oh Ap 414, as found on page 429, effectively answers that proposition. The constitutionality of the statute is also sustained by the following cases: **City of Toledo v Preston**, 50 Oh St 361; **Joyce v Baron, Treasurer**, 67 Oh St 264; **Waid, Director of Highways v Heistend**, 122 Oh St 615; **Orr v Cincinnati**, 17 N.P. (N.S.) 201, **Doahany v Rogers**, 281 U. S. 362, 74 L. Ed. 904.

The next contention of the land owners is that more property is being taken than is necessary, and that the action of the director of highways is in this regard oppressive and amounts to abuse of discretion, and they ask in their petition of appeal that the director be enjoined from taking this property.

A study of the §§1201 and 1201-1 GC, under which the present proceedings are brought, shows that the proceedings now before this court are special in nature, every step of which is outlined in detail in the amended statutes. The statutes apply equally to procedure in the Probate Court or the Common Pleas Court of the county wherein the property is situated, and the director of highways may choose which tribunal he shall resort to in commencing the proceedings. The following cases clearly indicate that the proceedings are special in nature and that this court has no jurisdiction different from that of the Probate Court so far as the matter of the questions that might be considered here are concerned: **Anderson v Hamilton County Commissioners**, 12 Oh St 636; **Sargent v City of Cincinnati**, 110 Oh St 444, and **Emory v City of Toledo**, 121 Oh St 257.

There are a number of cases in Ohio in which relief has been sought against appropriation proceedings on the ground that the taking was not necessary, but a study of these cases will show that the question was raised in a separate suit in equity to enjoin the prosecution of appropriation pro-

ceedings See Anderson v Hamilton County Commissioners, supra; **Railway Co. v Ironton, 19 Oh St 299; Railroad v Railroad, 72 Oh St 368; Pontiac Co. v Commissioners, 104 Oh St 447;** Sargent v Cincinnati, supra; Emory v City of Toledo, supra; **East Cleveland v Nau, 124 Oh St 433.**

It is therefore apparent that this court, in these proceedings, has no jurisdiction to inquire into the question of the necessity of the taking of the property sought to be appropriated, nor to exercise any equitable jurisdiction such as the granting of an injunction restraining the director of highways from proceeding with the appropriation, and that the parties in question must, if they wish to contest the right of the state to take their property on the ground that the taking is not necessary, commence a proper independent proceeding in a court of equity having the jurisdiction and power to entertain their petition.