STATE EX REL. BARTHOLOMEW, RELATRIX, v. DISTRICT COURT, FOURTH JUDICIAL DISTRICT IN AND FOR SANDERS COUNTY, ET AL., RESPONDENTS.

No. 9211.
Submitted June 11, 1952. Decided August 5, 1952.
248 Pac. (2d) 215.

Messrs. Shallenberger & Paddock, Missoula, for appellant.
Mr. A. S. Ainsworth, Thompson Falls, for respondents.
Mr. Shallenberger and Mr. Ainsworth argued orally.

MR. JUSTICE ANGSTMAN:

The Washington Water Power Company brought action against Ethel G. Bartholomew, Mary Miller and Kenneth J.

184

Miller to condemn certain described real property belonging to Ethel G. Bartholomew. Kenneth J. Miller is alleged to own certain buildings thereon and Mary Miller is the lessee of part of the real estate.

The power company is desirous of building and constructing a dam and power plant on the Clarks Fork river as it flows through Sanders county, Montana to Bonner, Idaho. The dam is proposed to be built across the river at a point about one mile west of the Idaho-Montana boundary line and is authorized by Chapter 3, Laws of 1951. By building the dam a reservoir will be created easterly therefrom for about 25 miles along the river in which the water will be impounded. The purpose of the dam is alleged to be for storing water for irrigation purposes and for the generation of power for furnishing light, heat and power to the public who may desire to purchase and use the same.

The land sought to be taken is to be used as a reservoir site excepting a portion thereof which is to be used in the relocation of U. S. highway No. 10-A. The complaint alleges that the present U. S. highway No. 10-A traverses a portion of the land to be flooded and that by reason thereof it becomes incumbent upon plaintiff to acquire a right-of-way for the relocation of the highway which right-of-way is included in the description of the land sought to be obtained.

Ethel G. Bartholomew filed a demurrer to the complaint specifically raising the point as to whether the power company has the right to condemn that portion of the land sought for the purpose of relocating U. S. highway No. 10-A. The demurrer was overruled. Ethel G. Bartholomew thereupon filed an answer and cross-complaint in which she again questioned the right of the power company to condemn that part of the land sought for highway purposes. In her cross-complaint she named the state of Montana, the United States and the members of the state highway commission as defendants and alleged that the members of the state highway commission are the only ones having jurisdiction to use the power of eminent domain to acquire land for state highways and particularly for U. S. highway No. 10-A.

She alleged that the named parties are necessary parties to the action. The power company by reply put in issue the allegations of the answer. After hearing proof, and without bringing the state highway commission in as a party to the action, the court entered an order condemning all of the property sought by the power company. Ethel G. Bartholomew thereupon brought this proceeding to obtain a writ of prohibition to prohibit the enforcement of that part of the order permitting the power company to condemn the land for the right-of-way for the proposed relocation of U. S. highway No. 10-A.

This court in State ex rel. McMaster v. District Court, 80 Mont. 228, 260 Pac. 134, 137, had occasion to consider the question of obtaining land by eminent domain proceedings for a state highway under what is now R. C. M. 1947, sec. 32-1615, et seq., and said: "Under this section the power to exercise the right of eminent domain to obtain a right of way for a state highway is lodged with the state highway commission, to be exercised in the name of the state upon direction of the state highway commission to the Attorney General or a county attorney. There is nothing in the act to indicate that this power should be divided with any other public body, and in our opinion it is exclusively in the state highway commission."

There has been no change in our statutes since that decision to alter the rule there stated.

Respondents contend that the foregoing rule is inapplicable here because the necessity for land to relocate the highway is so interlocked with the reservoir site as to become a part of the same project and therefore constitutes a public use.

The case of Dohany v. Rogers, State Highway Commissioner, 281 U. S. 362, 50 S. Ct. 299, 301, 74 L. Ed. 904, 68 A. L. R. 434, is called to our attention. In that case lands were sought by eminent domain proceedings to be exchanged for railroad lands adjoining a highway which was being widened. The court in that case said: "We need not inquire whether, under the peculiar provisions of the Michigan statutes, the proposed taking of appellant's land is for highway or railway purposes. It is

enough that, although the land is to be used as a right of way for a railroad, its acquisition is so essentially a part of the project for improving a public highway as to be for a public use."

It is to be noted that it was the highway commissioner who was seeking to condemn the land in the Dohany Case and also the Michigan statutes specifically authorized the highway commissioner to acquire land by condemnation proceedings and to exchange it for the right-of-ways of railroads. Public Acts of Michigan, No. 215 of 1925, and Public Act of Michigan, No. 340 of 1927.

We have no such statutes. We assume here that the taking of the existing highway may be justified under R. C. M. 1947, sec. 93-9904, subd. 3, as a more necessary public use. But the highway commission is the only tribunal authorized by our law to relocate state highways through the power of eminent domain.

The case of Pitznogle v. Western Maryland Ry. Co., 119 Md. 673, 87 A. 917, 46 L. R. A., N. S., 319, is also relied on. In that case the railway company sought land by eminent domain proceedings, a part of which was occupied and used as a private right-of-way. It sought to condemn a strip of land as a substitute for the private way. The court held that this could be done.

Brown v. United States, 263 U. S. 78, 44 S. Ct. 92, 68 L. Ed. 171, is also relied on by respondents. In that case the court held that the United States could take land for a reservoir site and also land to relocate the inhabitants of a town which would be flooded by the reservoir site.

The only question raised in both the Pitznogle and Brown Cases was whether the use for which the substituted land was sought was a public use. Here we concede for the purpose of this case that the use is a public use but the determinative question here is since the use is for a state highway, may the power company exercise the right of eminent domain for that purpose. The answer must be in the negative. There is ample reason for the rule. The highway commission, which is chargeable with the duty of the maintenance and repair of its highways, is in-

terested in their location and the manner of their construction.

The writ applied for will issue prohibiting enforcement of the order so far as it has to do with land sought as the site for the relocation of U. S. highway No. 10-A.

MR. CHIEF JUSTICE ADAIR, and ASSOCIATE JUSTICES METCALF, BOTTOMLY and FREEBOURN, concur.