ETHEL M. HARDING, CHARLES MITCHELL AND CECIL WERNTZ *v.* STATE OF INDIANA ON THE RELATION OF THE DEPARTMENT OF NATURAL RESOURCES.

[Nos. 3-675A123, 3-675A124. Filed November 17, 1975. Rehearing denied January 5, 1976. Transfer denied June 17, 1976.]

*F. Gerald Feeney, James M. Miller, John F. Plouff, Jr., Feeney & Stratigos,* of South Bend, for appellants.

*Theodore L. Sendak,* Attorney General, *Walter F. Lockhart,* Deputy Attorney General, for appellee.

HOFFMAN, J.—These two cases present substantially the same issue and have been consolidated on appeal for determination. One of these appeals, Cause No. 3-675A124, is from the denial by the trial court of appellants Charles Mitchell and

Cecil Werntz' petition for attorney fees. The other appeal, Cause No. 3-675A123, is from the denial by the trial court of appellant Ethel Harding's petition for attorney fees. Each of these two causes were condemnation actions brought by the State of Indiana. The trial court refused to award attorney's fees in either of such causes.

On appeal, the appellants assert that an award of attorney's fees in a condemnation action is a necessary part of a just compensation for the property so taken.

Both the Federal and State Constitutions provide that "just compensation" must be given when an individual's property is taken. However, it has long been settled law that attorney's fees in an eminent domain action are not required by our Federal Constitution as a part of a just compensation for such a taking. *Dohany* v. *Rogers* (1930), 281 U.S. 362, 368, 50 S.Ct. 299, 302, 74 L.Ed. 904. This position has been recently affirmed in several Federal decisions. *See, e.g., Rocca* v. *U.S.* (Ct.Cl., 1974), 500 F.2d 492; *United States* v. *2,353.28 Acres of Land, etc., State of Fla.* (5th Cir. 1969), 414 F.2d 965; *United States* v. *23.94 Acres of Land, Floyd Co., Com. of Va.* (USDC, WD. Va., 1970), 325 F.Supp. 330.

Some of the reasons underlying this doctrine were succinctly summarized by the Supreme Court of the United States in the recent case of *F. D. Rich Co.* v. *Industrial Lumber Co.* (1974), 417 U.S. 116, at 129, 40 L.Ed.2d 703, at 713, 94 S.Ct. 2157, at 2165, as follows:

> "We recognize that there is some force to the argument that a party who must bear the costs of his attorneys' fees out of his recovery is not made whole. But there are countervailing considerations as well. We have observed that 'one should not be penalized for merely defending or prosecuting a lawsuit, and that the poor might be unjustly discouraged from instituting actions to vindicate their rights if the penalty for losing included the fees of their opponents' counsel.' Fleischmann Distilling Corp. v. Maier Brewing Co., 386 US 714, 718, 18 L Ed 2d 475, 87 S Ct 1404 (1967). Moreover, 'the time, expense, and difficulties of proof in-

herent in litigating the question of what constitutes reasonable attorney's fees,' ibid., has given us pause, even though courts have regularly engaged in that endeavor in the many contexts where fee shifting is mandated by statute, policy, or contract. Finally, there is the possibility of a threat being posed to the principle of independent advocacy by having the earnings of the attorney flow from the pen of the judge before whom he argues."

Similarly, *see, Richmond Elks Hall Ass'n.* v. *Richmond Redevel. Agcy.* (USDC, ND. Cal., 1975), 389 F.Supp. 486.

Our Supreme Court of Indiana has also recently disallowed attorney's fees in a condemnation action in the case of *State* v. *Holder et al.; Rentchler et al.* (1973), 260 Ind. 336, 295 N.E.2d 799, over a strong dissent which adopted a construction of our Indiana Constitution consistent with that urged by the appellants in the case at bar.

In light of the foregoing, this court is compelled to conclude that the trial court did not err in refusing to award attorney's fees to appellants herein. The judgments of the trial court must be affirmed.

Judgments affirmed.

Staton, P.J. and Garrard, J., concur.

NOTE.—Reported at 337 N.E.2d 149.