## CIRCUIT COURT OF THE CITY OF NORFOLK

Norfolk Redevelopment
and Housing Authority

    v.

Joann E. Stevenson

January 27, 2004

Case No. (Law) CL03-520

BY JUDGE LYDIA CALVERT TAYLOR

This case, involving an eminent domain action, came before this Court for a hearing on December 3, 2003, on Defendant's motion to vacate this Court's previous judgment for the reason that Virginia Code § 25.1-210 is unconstitutional for want of Due Process and for not providing Defendant Equal Protection under the law. After having received and reviewed the submissions from the parties and listened to their oral arguments, this Court denies Defendant's motion.

### *Facts*

In December of 2002, Plaintiff, Norfolk Redevelopment and Housing Authority (NRHA), instituted condemnation proceedings to acquire abandoned property located at 218 W. 32nd Street in the City of Norfolk to aid the City in its development of the Park Place Conservation Project. The Defendant was listed as owner of that parcel, but the only address on record with NRHA, or any other city agency, was the address of the condemned

property itself.[1] Plaintiff sought diligently and could find no other address with it (NRHA) or any city agency. Thus, defendant could not be found despite the efforts by NRHA.[2] Therefore, given the fact that notice was posted at the house, which was by now clearly vacant, NRHA proceeded to serve by publication. NRHA, therefore, submitted an order of publication with the Clerk of Court, in accordance with Virginia Code § 25.1-210, which was granted on March 3rd. The order was published in *Dolan's Virginia Business Observer* on March 10th and March 17th, thereby meeting the requirements of § 25.1-210. Defendant testified that she neither saw nor heard of the publication, remained unaware of the condemnation proceedings, and thus did not respond to the proceedings prior to sale.

The matter of valuation was then submitted to this Court on April 30, 2003. On that day, the Court received evidence, including expert appraisals, and determined $40,000 to be just compensation. On June 10th, NRHA paid to the Clerk of Court $40,000 to be held in trust for Ms. Joann Stevenson; not quite two months after that final order, on August 1st, Defendant filed with this Court a Motion to Reopen the proceedings, charging that, if NRHA had used reasonable diligence, it would have been able to determine the whereabouts of Defendant.

The Motion to Reopen was heard before this Court on September 25, 2003. At that hearing, after full evidence was presented, this court determined that NRHA had used reasonable diligence in attempting to locate Ms. Stevenson, and thus service by publication was proper service on her. Because Ms. Stevenson did not object to the proceedings within 21 days thereafter, and because the valuation was deemed to be fair, this Court denied the Motion to Reopen stating that, given the proper nature of the notice, it had jurisdiction on April 30th to hear the case, jurisdiction which it lost 21 days after it entered the final order. However, the Court allowed Defendant to assert, for the first time at that September 25th hearing, new constitutional defenses to that portion of the Virginia Code that authorizes the exercise, and outlines the process, of eminent domain. Those challenges were based on the statute's failure to include a two-year reopen provision for owners who did not actually receive notice, however appropriate and proper that notice. A written Motion to Vacate the $40,000 valuation was then submitted to this Court by Defendant on October 23rd, arguing that the lack of a two-year reopen

---

[1] The Defendant's father testified he picked the tax bills up from the house itself, so the tax bills were not returned to the City as sender.

[2] Defendant herself was in fact living in New Jersey at the time, but had never so informed NRHA or any city agency.

provision violated the Due Process and Equal Protection Clauses of the Constitutions of the United States and the Commonwealth of Virginia.

## Discussion

Defendant concedes NRHA's power to take her property through eminent domain and thus does not argue that, had she received timely notice, the condemnation proceeding would not have been completed as in fact occurred. However, Defendant argues that, being unaware of the condemnation proceedings until late July of 2003, she was unable to present evidence as to the issue of just compensation. Virginia Code § 8.01-322 permits parties served with notice by publication, except those involved in eminent domain proceedings, to petition a court to rehear the case within two years after the final judgment. Defendant argues that Title 25.1, therefore, which outlines the eminent domain process and which lacks such additional protection for condemnees, is unconstitutional for want of Due Process and in that it denies Defendant Equal Protection of the law.

Section 8.01-316 of the Virginia Code regulates service by publication in all cases except for condemnation actions. After publication is made at least once a week for four consecutive weeks, parties whose rights are affected may appear within fifty days from the entry of the Order. Va. Code § 8.01-317. Additionally, and most importantly to Defendant, § 8.01-322 permits those parties whose rights are affected by the publication process to "have any *injustice in the proceeding* corrected" by reopening the case within two years of the judgment date. Va. Code §8.01-322 (emphasis supplied). There is no doubt the statute, as the Virginia Supreme Court has declared, is "intended to protect a party who has no knowledge at all of the litigation affecting him." *Mitchell v. Mitchell*, 227 Va. 31 (1984).

Defendant is correct that condemnation proceedings under Virginia Code § 25.1-210 do not offer the same protections as are offered by Va. Code § 8.01-317, which explicitly excludes condemnation actions. Instead, § 25.1-210 requires only that publication be made "once a week for not less than two successive calendar weeks," and, most importantly, there is no provision for a condemnee to reopen a case under any circumstances except those generically provided for under Virginia Code § 8.01-428.[3] Defendant's contention is that

---

[3] Va. Code § 8.01-428(D) provides: "This section does not limit the power of the court to entertain at any time an independent action to relieve a party from any judgment or proceeding, or to grant relief to a defendant not served with process as provided in § 8.01-322, or to set aside a judgment or decree for fraud upon the court." This provision is in fact what the Court invoked in allowing the Defendant to petition to reopen. Notice, this does not give Defendant *a right* to petition but rather permits this Court to entertain Defendant's

this incongruity between § 8.01-322 and Title 25.1, especially where just compensation is constitutionally mandated by the Fifth Amendment and made applicable as to the States by the Fourteenth Amendment, deprives similarly situated property owners of Equal Protection and Due Process.

## A. *Equal Protection Clause*

There is a strong presumption that legislation is constitutional, and courts should only declare legislation unconstitutional when it is plainly repugnant to some provision of the state or federal Constitution. *Town of Ashland v. Board of Supervisors*, 202 Va. 409 (1961). In this case, the burden is on Defendant to establish the claimed invalidity, and any reasonable doubt concerning the validity of a statute must be resolved in favor of the statute. *Almond v. Day*, 199 Va. 1, 6 (1957).

Defendant claims that it is "elementary the Constitution will not permit the granting to some individuals the rights and benefits of certain modes of procedure, while denying the same rights and procedures to others similarly situated." *Def. Br.* at 6-7. Defendant's argument is too broad a statement. The Equal Protection Clause is violated in two instances: when people of a suspect class are discriminated against without a compelling state justification, *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 17 (1973), and when those of a non-suspect class are subject to laws that create a classification that has no rational relationship to a legitimate state interest. Because property owners are not a suspect class, the Commonwealth need show only a rational basis for treating one group of property owners differently than another.

The Defendant implies that the state classifies those whose land is being sold for a reason other than condemnation for state purposes differently than those subject to state seizures. However, NRHA argues that all property owners in *condemnation* actions *are* being treated in the same way in the Commonwealth: when a property owner in a condemnation action cannot be located after a diligent inquiry, notice by publication is appropriate (and in fact constitutional). This Court does not concur with Defendant's logic: *all* property owners are potential condemnees and as a result all might be precluded from relying on the protections provided for under § 8.01-317. There is no *class* of property owners *targeted* by the statute. In any event, even

---

independent action if appropriate or grant relief to a defendant not served, which seems merely to affirm a party's clear right to raise lack of jurisdiction at any time. The third power of the court, to set aside a decree for fraud on the court, was not alleged directly and, if insinuated, is rejected by this Court as clearly not the case.

if one is to adopt Defendant's logic, the "class" that is created by the operation of the statute is nonetheless not suspect.

The Equal Protection Clause has never been interpreted as prohibiting a state from adopting different procedures for different circumstances as long as the procedures apply equally in individual cases and have some rational basis. *Dohany v. Rogers*, 281 U.S. 362, 369 (1929). In *Dohany*, the State of Michigan had on its books two separate condemnation procedures, one for those undertaken by the state and one for those undertaken by a railroad company. The latter gave property owners greater protections, most notably the right to recover attorney's fees, the right to demand a jury, and the right to an automatic appeal rather than by *certiorari*. The state had initiated condemnation proceedings against petitioner to build a highway when it decided to take additional, adjacent land on behalf of a railroad company to have a railway constructed parallel to the highway. Petitioner contended that the additional land should have been taken through the procedures reserved for railroad companies in a taking, thus affording the condemnee the greater protection under the statute.

In ruling on petitioner's Equal Protection and Due Process claims, the United States Supreme Court said that the Equal Protection Clause does not require "exact uniformity of procedure. The legislature may classify litigation and adopt one type of procedure for one class and a different type for another." *Id.* at 369. The Court went on to say that state involvement in the condemnation for highway use "is in itself a sufficient basis for the exercise of the legislative judgment in providing for it a different procedure from that prescribed by eminent domain by a private corporation." *Id. See also Richmond v. Dervishian*, 190 Va. 398, 411 (1950) ("The mode of exercising the right of eminent domain is within the unlimited discretion of the General Assembly, so long as the landowner's constitutional rights are protected.").

Therefore, as long as the procedure used by the governmental unit does not treat those of a suspect class differently, has a rational basis,[4] and satisfies the Due Process Clause, it is deemed constitutional. There is no valid argument that the Virginia legislature's choice to give fewer, but nevertheless constitutionally adequate, protections to those whose property is seized by the government, as opposed to the protections provided to those whose property is sold at the petition of private parties, does not have a rational basis. When property is being taken, there must be finality as regards to title and expense

---

[4] Defendant in her brief concedes that denying a condemnee an opportunity to petition for a rehearing has a rational basis: "It is easy to appreciate the public interest requiring confirmation of title in the condemnor, so that construction of public improvements can proceed." *Def. Br.* at 6.

so that projects can be completed and budgets, especially where there is a finite amount of government funding, can be certain. Therefore, as neither class of property owners is a suspect category, the statutory classification is constitutional because it is rationally based on a legitimate governmental interest, to wit, faster finality to protect governmental actions taken on public projects.

## B. *Due Process*

Title 25.1 may on its face seem to be unfair to Defendant, but apparently no appellate court in the Commonwealth of Virginia has discussed the provision, much less ruled on it. Service by publication may not be ideal, but the assertion that Title 25.1 does not meet Due Process requirements is not supported by case law for much the same reasons that the varying procedures do not violate the Equal Protection Clause. In *Dohany*, cited above, the United States Supreme Court said:

> The due process clause does not guarantee to the citizen of a state any particular form or method of state procedure. … Its requirements are satisfied if he has reasonable notice and reasonable opportunity to be heard and to present his claim or defense, due regard being had to the nature of the proceeding and the character of the rights which may be affected by it.

*Dohany*, 281 U.S. at 369. Quoted also in *Williamson v. Hopewell Redev. & Hous. Auth.*, 203 Va. 653, 655 (1962) ("[T]he legislature in its discretion may … prescribe the kind of notice and the manner in which it shall be given if it is reasonable under all the circumstances and affords the party affected a reasonable opportunity to be heard."). This Court therefore finds that notice by publication affords the condemnee a reasonable opportunity to be heard and that the failure to allow two years to reopen is not constitutionally required by the Due Process Clause of either the United States or Virginia Constitutions.

In *Rudacille v. State Comm'n on Conservation & Dev.*, 155 Va. 808 (1931), the condemnee was given notice by publication in an action to create a public park. The Virginia Supreme Court started by reminding that "certain elementary propositions" must be kept in mind: the "right of eminent domain is an attribute of sovereignty" limited only by the Constitutions of Virginia and the United States. "Moreover, there is a strong presumption in favor of the constitutionality of all statutes." *Id.* at 814. The condemnee in *Rudacille* complained, *inter alia*, that allowing notice by publication for four successive weeks in a newspaper published within the county violated his Due Process

rights. The appellate court, however, countered, "Personal service of notice is not necessary. Notice by publication is sufficient. … [T]his [is] because the proceeding is *in rem* and not *in personam*." *Id.* at 815. In ·dismissing condemnee's complaint that the denial of a right of appeal violates due process, the court concluded, "All that a litigant can ask is that in some appropriate way, before some duly constituted tribunal, his compensation shall be determined." *Id.* at 818.

This Court has already ruled at the hearing on September 25, 2003, that service by publication was appropriate and reasonable under the circumstances and that Defendant was provided thereby with Due Process, to wit, both reasonable notice under the circumstances and a reasonable opportunity to be heard. No cases suggest that, where notice is not actually received, more time must constitutionally be given. Process is different in every case.

While Title 25.1 does not allow her to petition for a rehearing after 21 days, § 8.01-428 is in fact broader in its protections than § 8.01-322 in that that latter prescribes no time limit for which a court may relieve a party from any judgment or proceeding in which process was not provided. Therefore, between the two, Defendant is provided with ample. opportunities for notice and an opportunity to be heard and thus Due Process is not violated by such procedures.

## C. *Right to Just Compensation*

Compensation is the only issue remaining. While Defendant is correct in stating that the right to just compensation is "fundamental" and that any government infringement thereon is subject to strict scrutiny, Defendant is incorrect in contending that Defendant's right to just compensation is being trammeled upon here. Though Title 25.1 denies a condemnee who has been served notice by publication the ability to petition for a rehearing, *it is still designed to ensure that the condemnee receives just compensation*. While the reasoning may seem slightly circular, the process the Commonwealth chooses to employ in reaching compensation here, even if it differs with other procedures in separate code sections, does not deny "just" compensation as long as just compensation is the *actual result*.

Defendant's arguments are based on the premise that she did not receive just compensation because she was not present at the hearing,[5] but the dollar figure that a court fixes in determining what is just compensation is not a

---

[5] Defendant's brief asserts: "While public policy may demand that ownership pass to the condemnor with finality, no such policy argues that an innocent owner who is unaware of the proceedings should be left with grossly inadequate compensation." *Def. Br.* at 7-8.

moving target. There can only be one dollar amount that represents just compensation; when the matter reaches the court's hands, it is no longer a bargaining process. On April 30, 2003, this Court fixed Defendant's just compensation at $40,000, and the Court is confident in saying that this amount would not have changed had Defendant been present at the hearings.[6] In fact, this Court heard evidence on April 30th, asked probing questions, and painstakingly strived to reach an accurate valuation, as Petitioner asserted and Defendant did not contest. Because Defendant was not present at the proceedings, this Court was charged with ensuring that Ms. Stevenson receive the same amount as if she had been represented by counsel at the proceedings. This Court would not be doing its duty as an arbiter if it did not try to ensure a fair outcome. Thus, while only one party was present at the hearings, it was not a one-sided result and, as the Virginia Supreme Court stated in *Rudacille*, that is all that a condemnee can ask for.

## Conclusion

Defendant land owners in land suits who are served only by publication may be classified into two categories: those served by a private party petitioner who seeks the sale or partition of land and those who are condemnees in a condemnation suit brought by a governmental agency. The former are governed by Virginia Code § 8.01-322, which provides two years for the defendant to reopen the suit to correct "any injustice" and the latter are excluded from that right to petition for a rehearing, in the event of an injustice occurring in the original proceedings, beyond the 21 days during which any suit remains in the bosom of the Circuit Court.

This Court holds that such classification does not violate Due Process because it accords condemnees all the process due under the federal or Virginia Constitutions. Nor does the classification involve a suspect class, meaning that only a rational relationship to a legitimate government interest must be shown to justify the classification. Such a governmental interest has been shown to exist, and the further allowance of time to reopen for those litigating against private parties is rationally related to that interest. Thus such

---

[6] All the Court was offered in the hearing on this matter, held December 3, 2003, was a vague statement by Defendant that one who *may* be certified as an expert by the Court might say, if hired by Defendant, that the value of the property was considerably higher than $40,000. There was no proffer of specific evidence provided to the Court that the value of the property was worth more than the price the Court fixed. Defendant presented no persuasive argument that the amount set by this Court in accordance with the appraisal, assessment, and other evidence presented at the hearing was in any way "grossly inadequate."

classification does not violate the Equal Protection Clause of either constitution. Because Defendant was justly compensated, it is this Court's opinion that in fact no actual injustice occurred to Defendant. Neither service by publication nor the failure to actually receive timely notice is in itself a constitutionally cognizable injustice. Aside from personal service, no service, via a family member, constructive service on a statutory agent, service by posting, or service by publication, guarantees that notice will be actually received by the named defendant. Yet those defendants, even if they never actually received service, would not receive the protections of § 8.01-322.

This Court, under the authority of § 8.01-428, first allowed the Defendant to argue that there was defective service by publication arising from a lack of due diligence in attempting to locate Ms. Stevenson and found that service was proper, NRHA used due diligence in attempting to locate Ms. Stevenson, and acted in conformity with statutory provisions in attempting to provide Ms. Stevenson with notice. This Court now determines that such service not only accorded with Virginia statutes, but also provided Defendant with Due Process of the law and Equal Protection thereupon. Because this Court previously determined just compensation, Defendant's statutory and constitutional rights were fully preserved. Therefore, this Court denies Defendant's Motion to Vacate Judgment based on the contention that § 25.1-210 is unconstitutional.