**UNITED STATES of America Upon the Relation and for the Use of the TENNESSEE VALLEY AUTHORITY, Petitioner-Appellant,**

v.

**Council J. PRESSNELL et al., Respondents-Appellees.**

**No. 15449.**

United States Court of Appeals Sixth Circuit.

March 5, 1964.

Thomas A. Pedersen, Asst. Gen. Counsel, Knoxville, Tenn., Charles J. McCarthy, Gen. Counsel, Tennessee Valley Authority, Knoxville, Tenn., James H. Eldridge, William W. Hurst, Knoxville, Tenn., on brief, for appellant.

J. Malcolm Shull, Nashville, Tenn., Fred M. Hartman, Greeneville, Tenn., J. Paul Johnson, Bristol, Tenn., on docket for appellees.

Before MILLER and CECIL, Circuit Judges, and McALLISTER, Senior Circuit Judge.

SHACKELFORD MILLER, Jr., Circuit Judge.

█ This condemnation suit under the Tennessee Valley Authority Act, Section 831 et seq., Title 16 United States Code, was filed in the District Court in the name of "United States of America upon the relation and for the use of the Ten-

nessee Valley Authority." In an order of September 28, 1962, making final distribution of the funds in court, the District Judge ordered,

"The costs of this cause are adjudged against the petitioner for which execution may issue unless sooner paid."

Section 2412(a), Title 28 United States Code, provides:

"The United States shall be liable for fees and costs only when such liability is expressly provided for by Act of Congress."

In the absence of such a statutory provision, costs can not be assessed against the United States. United States v. Chemical Foundation, Inc., 272 U.S. 1, 20–21, 47 S.Ct. 1, United States v. Worley, Adm'x, 281 U.S. 339, 344, 50 S.Ct. 291, 74 L.Ed. 887.

The TVA Act does not provide for the taxing of costs against the United States in condemnation actions instituted thereunder. United States, ex rel. Tennessee Valley Authority v. Easement and Right of Way, etc., 214 F.Supp. 29, 31 M.D.Tenn.

The District Judge recognized that the costs could not be adjudged against the United States and it is clear from the proceedings that he intended by the order to assess the costs against the Tennessee Valley Authority and not against the United States. We so construe the order. The Tennessee Valley Authority has appealed from so much of the order as adjudges the costs against it.

In making the assessment, it was the view of the District Judge that the United States was not the petitioner, but merely a formal party to the action; that the TVA was the real party in interest, Chappell v. United States, 160 U.S. 499, 513, 16 S.Ct. 397, 40 L.Ed. 510; that it is the well settled rule that in condemnation proceedings the costs fall on the condemnor although it may be the prevailing party in the proceeding, Grand River Dam Authority v. Jarvis, 124 F.2d 914, 916, C.A. 10th; that the TVA is a United States corporation authorized to sue and be sued and that although the TVA is acting as a governmental agency in accomplishing the purposes of the Act, its functions are akin to those of private enterprises, Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 56 S.Ct. 466, 80 L.Ed. 688, rehearing denied, 297 U.S. 728, 56 S. Ct. 588, 80 L.Ed. 1011; that the fact that the TVA is a governmental agency does not extend to it the immunity of the United States from liability for costs. Keifer & Keifer v. Reconstruction Finance Corp., 306 U.S. 381, 388, 59 S.Ct. 516, 83 L.Ed. 784; that in conferring on the TVA the power to sue and be sued Congress did not simultaneously endow it with the sovereign's immunity from liability for costs, and that immunity in the case of a corporation acting as a governmental agency from liability for costs is not presumed. Reconstruction Finance Corporation v. J. G. Menihan Corp., 312 U.S. 81, 85, 61 S.Ct. 485, 85 L.Ed. 595.

The above authorities are applicable to cases where the governmental agency involved is the real party in interest; they are not applicable when the real party in interest is the United States.

The TVA Act provides that the TVA "Shall have power in the name of the United States of America to exercise the right of eminent domain" and in the acquisition of real estate by condemnation proceedings "the title to such real estate shall be taken in the name of the United States of America." Thereupon, the real estate is entrusted to the TVA "as the agent of the United States to accomplish the purposes of this chapter." Section 831c(h), Title 16 United States Code.

The Act also provides that the condemnation proceedings shall be instituted in the United States District Court for the district in which the land, or any part thereof, is located, and such court shall have full jurisdiction to vest the title to the land "in the United States in fee simple, and to enter a decree quieting the title thereto in the United States of America." Upon payment of the award of the Commissioners "the title to said

582

property and the right to the possession thereof shall pass to the United States, and the United States shall be entitled * * * to dispossess the former owner of said property, * * * and to put the United States, by its corporate creature and agent, the Corporation, into possession of said property." Section 831x, Title 16 United States Code.

■ We are of the opinion that under these provisions of the Act that although the TVA "may cause" the proceedings to be instituted (Section 831x, Title 16 United States Code), the proceedings are actually instituted by the United States, and that the United States, rather than the TVA, is the condemnor of the property. In re Condemnations for Improvement of Rouge River, 266 F. 105, 115, E.D.Mich. We find no authority for assessing costs against one who is not the condemnor in the proceeding. On the contrary, it has been held several times that in such cases, costs can not be assessed against the TVA. Unreported Memorandum opinions in United States, ex rel. TVA v. Roscoe Mitchell, Civil No. 3090 (1941), E.D.Tenn., United States, ex rel. TVA v. Charles S. Kitts, Civil No. 3004 (1941), E.D.Tenn.; United States, ex rel. TVA v. Clyde B. Maxwell, Civil No. 4 (1939), N.D.Miss. See: United States v. 1000 Acres of Land, etc., 162 F.Supp. 219, 224, E.D.La.

It appears that this question has previously been considered by this Court and an informal ruling made. In the condemnation case of United States, ex rel. TVA v. David Bradley, No. 12,499, TVA's General Counsel wrote to the Clerk of this Court pointing out that TVA was not liable for the filing fee on appeal. The Clerk replied by letter of April 19, 1955, that the General Counsel's letter was presented to the Court and "I am directed to advise you that, in the future, no filing fee will be collected in condemnation proceedings in which the United States on behalf of the Tennessee Valley Authority is the appellant."

It also appears that in June 1941 a similar administrative ruling was reached through correspondence between the Assistant General Counsel of the TVA and the Clerk of the United States Court of Appeals for the Fourth Circuit with respect to costs in United States, ex rel. TVA v. Powelson, 138 F.2d 343, C.A.4th.

It further appears that in January 1951 the Department of Justice agreed with the position taken by TVA's General Counsel in the case of United States, ex rel. TVA v. Marie Kinney, No. 1866, E.D.Arkansas, that the expenses of the United States Marshal incurred in the service of process were not chargeable against the TVA.

We are of the opinion that the District Judge was in error in assessing costs against the Tennessee Valley Authority. It is ordered that so much of the judgment to that effect be deleted.