420 F.2d 370
 UNITED STATES of America, Plaintiff-Appellant-Appellee,
v.
CERTAIN LAND, together with the improvements thereon,
located at the northwest corner of IRVING PLACE AND 16TH
STREET, etc., and Benjamin Kaufman et al., Defendants, 396
Corp., Jacob Freidus and the Executors of the Will of Samuel
E. Aaron, Defendants-Appellees-Appellants.
 Nos. 605, 606, Dockets 31181, 31182.
 United States Court of Appeals Second Circuit.
 Dec. 29, 1969.
 
 Shiro Kashiwa, Asst. Atty. Gen., and Edmund B. Clark, Atty., Dept. of Justice, Washington, D.C., on the motion, for plaintiff-appellant-appellee.
 Stuart A. Summit, New York City, N.Y. (Miller & Summit, New York, N.Y.), on the papers opposing the motion, for defendant-appellee-appellant Jacob Freidus.
 Marshall Perlin, New York City, N.Y. (Friedman & Perlin, New York, N.Y.), on the papers opposing the motion, for defendants-appellees-appellants 396 Corp. and the Executors of the Will of Samuel E. Aaron.
 ON MOTION OF THE UNITED STATES TO DELETE COSTS, TREATED AS PETITION FOR REHEARING
 Before LUMBARD, Chief Judge, FEINBERG, Circuit Judge, and TIMBERS, District Judge.[1]
 PER CURIAM:
 
 
 1
 The motion of the United States to delete costs is treated as a petition for rehearing, which petition is granted despite the fact that it was filed out of time. Federal Rules of Appellate Procedure, Rule 26(b).
 
 
 2
 In our previous opinion in this case, United States v. Certain Land, 415 F.2d 265 (2d Cir. Sept. 4, 1969), we awarded the costs of appeal to the appellant landowners. It now appears that such award in a condemnation action was improper. See 28 U.S.C. 2412(a), 80 Stat. 308 (prior to amendment by Pub.L. 89-507, effective July 18, 1966); see also, United States v. Worley, 281 U.S. 339, 344, 50 S.Ct. 291, 74 L.Ed. 887 (1929); United States for Use of TVA v. Pressnell, 328 F.2d 580, 582 (6th Cir. 1964).
 
 
 3
 In opposing the government's petition, the appellants contend that since this appeal was filed and decided subsequent to the effective date of the amendment of section 2412 to permit costs to be recovered against the United States in actions such as this, our award of appeal costs was proper. This argument overlooks the plain language of Public Law 89-507, the amendatory enactment, which states:
 
 
 4
 'These amendments shall apply only to judgments entered in actions filed subsequent to the date of the enactment of this Act (July 18, 1966).'
 
 
 5
 See also Allen v. Rachal et al., 283 F.Supp. 986 (W.D.Tex.1967).
 
 
 6
 Since both the actions underlying this appeal were filed prior to July 18, 1966, it is apparent that we were without authority to award costs to the appellants. Accordingly, we amend our opinion and delete from it, and from our mandate, the direction, 415 F.2d at 272, awarding the defendants their costs on the appeal.
 
 
 
 [1]
 Sitting by designation