**UNITED STATES of America,
Plaintiff,**

v.

**23.94 ACRES OF LAND, MORE OR LESS,
situate IN FLOYD COUNTY, COM-
MONWEALTH OF VIRGINIA, and Fos-
ter E. Dalton, et al., Defendants.**

**Civ. A. No. 68–C–61–R.**

United States District Court,
W. D. Virginia,
at Roanoke.

Dec. 9, 1970.

Leigh B. Hanes, Jr., U. S. Atty., and Birg E. Sergent, Asst. U. S. Atty., Roanoke, Va., for plaintiff.

Martin F. Clark, Stuart, Va., and S. D. Roberts Moore, Roanoke, Va., for defendants.

## OPINION AND FINAL ORDER

DALTON, Chief Judge.

By agreement of counsel, this cause is ordered reinstated on the docket.

The question before the Court is whether fees for witness attendance incurred by the landowner in the amount of $129.00 may be assessed as costs against the Government in a condemnation case. It was unanimously held prior to the amendment of Title 28 U.S.C. § 2412, the effective date of which was July 18, 1966, that the United States only paid costs when a particular statute so authorized. 28 U.S.C. § 2412 then read as follows:

> (a) The United States shall be liable for fees and costs only when such liability is expressly provided for by an Act of Congress. (Subsections (b) and (c) are not applicable to the point involved in this case.)

As amended effective July 18, 1966, 28 U.S.C. § 2412 now reads:

> "Except as otherwise specifically otherwise provided by statute a judgment for costs as enumerated in Section 1920 of this title but not including the fees and expenses of attorneys may be awarded to the prevailing party in any civil action brought by or against the United States by any agency or official of the United States acting in his official capacity in any court having jurisdiction of such action.
>
> "A judgment for costs when taxed against the Government shall in the amount established by statute, court rule or other, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by him in the litigation. Payment of the judgment for costs shall be as provided in Section 2414 and Section 2517 in this title for the payment of judgments against the United States."

Rule 71A(*l*) states that costs are not subject to Rule 54(d).

> "Rule 54(d) provides that except when express provision therefor is

made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party, unless the Court otherwise directs. The costs against the United States, its officers and agency shall be imposed only to the extent permitted by law. Costs may be taxed by the Clerk on one day's notice. A motion served within five days thereafter, the action of the Clerk may be reviewed by the Court.

The defendant contends the amendment of 28 U.S.C. § 2412 applies to lands cases. His position is that this is a suit brought by the United States, that the award was greater than the amount of estimated compensation deposited into the registry of the court and that, therefore, he is the prevailing party and is entitled to costs.

The Government, on the other hand, took the position that costs may not be assessed against the United States for the following four reasons:

### I.

The United States is normally "the prevailing party" in a federal condemnation proceeding, except in the rare instance where its right to take is successfully disputed by the landowner. See Rule 71A(*l*), Federal Rules of Civil Procedure. Note to subdivision (*l*)— original report Notes of Advisory Committee on Rules.

In the subject case, after service of the notice, order of possession and judgment on declaration of taking upon the defendant, a pleading was filed by the defendant's attorneys styled, "Objections and Grounds of Defense of Defendants". The Objections and Grounds of Defense of Defendants attacks the right of the United States to acquire the land by condemnation for several reasons, all of which were overruled by the Court, and stating therein that their property was worth in excess of $30,000.00. As can be seen from the Government's original offer, the demand of the defendant and the award of the commissioners, in this case as in all lands cases on the question of value, there is seldom any clearly "prevailing party". The Government is almost always the prevailing party on the right of taking, and for this reason the original report of the advisory commission indicates that the United States is the "prevailing party".

### II.

Rule 71A(*l*), Federal Rules of Civil Procedure specifies that "costs are not subject to Rule 54(d)," which provides generally that costs shall be awarded to the prevailing party as does the 1966 Act. The specificity of Rule 71A(*l*) takes precedence over the generality expressed in Rule 54(d) of the 1966 Act.

### III.

The legislative history of H.R. 14182, 89th Congress, Second Session, which upon enactment amended 28 U.S.C. § 2412 shows that it was not intended to apply to condemnation actions. The bill was proposed by the Department of Justice and was designated to correct the inequity regarding costs, in situations where the United States, when it prevailed, generally could recover costs against the private party, although some District Courts would deny recovery because of the inequity. Senate Report 1329, 89th Congress, Second Session 1966, pages 2, 4–5, House Report No. 1535, 89th Congress, Second Session 1966, pages 2 and 4. 112 Congressional Record, (daily edition) 13731–13732, June 27, 1966.

The condemnee has never been held liable to the United States for costs. Neither before or after the 1966 Act, to our knowledge, have costs been assessed for or against the United States in condemnation actions, at the District or Appellate Court level. The element of unequal or unfair treatment as between the United States and private parties, (the vice at which the 1966 Acts struck) thus did not and does not exist in Federal condemnation cases.

## IV.

The 1966 Act is understood by Congress not to pertain to costs in condemnation proceedings since Congress has subsequently considered other bills to impose such costs after the effective date of the Act, July 18, 1966. See H.R. 13984, 90th Congress, 1st Session, a bill, "To provide that certain costs shall be taxed against the United States in condemnation actions brought by it;". In connection with H.R. 13984, the Department of Justice, on March 27, 1968, advised the Chairman of the House Committee on the Judiciary that "under present law, unless otherwise stipulated, no costs are assessed against either party in condemnation proceedings." The House Committee on Public Works, the 88th Congress, Second Session, 1964, after more than three years study of Federal Real Property Acquisition programs, determined that litigation expenses only in limited circumstances should be paid by the United States, and concluded as follows:

> Ordinarily, the Government should not be required to pay expenses incurred by property owners in connection with condemnation proceedings. The invitation to increased litigation is evident. Earlier recommendations relative to full fair value negotiation policies and payment of the highest reasonable price are believed to be more appropriate actions for safeguarding the interests of property owners and the public.

■ It is quite clear that attorney fees and expenses are not embraced within just compensation for land taken by eminent domain. Dohany v. Rogers, 281 U.S. 362, 50 S.Ct. 299, 74 L.Ed. 904 (1930). It is also clear that prior to the 1966 amendment no statute or law authorized the payment of costs for or against the Government or for or against the condemnee in condemnation cases. United States v. Worley, 281 U.S. 339 at 344, 50 S.Ct. 291, 74 L.Ed. 887; Carlisle v. Cooper, 64 F. 472 (C.A.2 1894).

The Court is aware of only two Circuit Court cases involving the costs problem since the 1966 amendments.

One is from the United States Court of Appeals for the Second Circuit, styled U. S. v. Certain Land, etc., and Benjamin Kaufman, 31181 and 31182. The Court held that costs could be assessed against the United States. Upon a rehearing en banc, the Court reversed on the ground that this suit was filed prior to July 18, 1966, and therefore costs could not be assessed. The Court does not consider this as a precedent for either the landowner or the Government.

The second is United States v. 87.30 Acres of Land, etc., 430 F.2d 1130 at 1134, (U.S.C.A. 9—1970). The Court held "we find no authority for the allowance to appellant of costs in the lower court."

■ This latter case is the only significant authority found by the Court on this issue. Based upon the authority of this case and the reasons cited by the Government, it is the ruling of this Court that the 1966 amendment to 28 U.S.C. § 2412 did not apply to condemnation cases and costs may not be assessed either for or against the Government or the landowner in a condemnation case.

The Clerk of this Court shall disburse the amount of $19.49 additional interest deposited in this cause to the landowners' attorney; the landowners' motion for allowance of costs in the amount of $129.00 for witness attendance fees is hereby overruled and this cause shall be dismissed from the docket.