**UNITED STATES of America upon the relation and for the Use of the TENNESSEE VALLEY AUTHORITY**

v.

**12.85 ACRES OF LAND, MORE OR LESS, a Road Easement and Right of Way over an Additional 1.18 Acres of Land, More or Less, and Certain Additional Rights, all IN HAMILTON COUNTY, TENNESSEE,**

Baxter R. Gann.

Civ. A. No. 5727.

United States District Court,
E. D. Tennessee, S. D.

Jan. 14, 1971.

Robert H Marquis, Gen. Counsel, Thomas A. Pedersen, Sol., Beverly S. Burbage, H. Peter Claussen, Attys., T. V.A., Knoxville, Tenn., for plaintiff.

Richard Dietzen, Dietzen, Parks & Dietzen, Chattanooga, Tenn., for defendant.

## MEMORANDUM

FRANK W. WILSON, Chief Judge.

This is a condemnation proceeding and jurisdiction is based upon 16 U.S.C. § 831x (Supp. 1969). The plaintiff sought to condemn a portion of the defendant's land. The plaintiff tendered into court the sum of $8,300.00 at the time of the taking of the property, contending that this amount represented just compensation. The landowner contended that just compensation was in an amount in excess of the sum tendered into court. Upon the trial of this case, the jury awarded the landowner the sum of $12,010.00. Thereafter, the landowner sought to recover $60.00 in witness fees paid his experts as an item of costs. The clerk, in findings filed upon October 26, 1970, allowed the landowner's application for taxation of $60.00 as costs for his witnesses. The plaintiff has now moved to set aside the taxation of costs upon the ground that such fees are not taxable against the Government in condemnation proceedings.

The resolution of the issue presented by this motion involves an analysis of several statutes. It seems to be well settled that prior to the enactment of the amendment to 28 U.S.C. § 2412 the costs of defending a condemnation action could not be taxed to the Government. See United States ex rel. and for Use of Tennessee Valley Authority v. Pressnell, 328 F.2d 580 (C.A. 6, 1965). Prior to the amendment 28 U.S.C. § 2412(a) provided:

> (a) The United States shall be liable for fees and costs only when such liability is expressly provided for by Act of Congress.

As amended, 28 U.S.C. § 2412 provides the following:

> Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title but not including the fees and expenses of attorneys may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or official of the United States acting in his official capacity, in any court having jurisdiction of such action * * *

The plaintiff contends that 28 U.S.C. § 2412 as amended does not contemplate the assessment of costs against the Government in eminent domain proceedings. As authority for this conclusion the plaintiff relies upon a) the language of the 1966 statute, b) its legislative history, c) the fact that Congress itself has recognized that the statute is not applicable to condemnation cases, and d) the fact that Rule 71A($l$) was not stricken or modified in the 1970 amendments to the Federal Rules of Civil Procedure.

The amended statute provides that certain enumerated costs "may be awarded to the prevailing party." Additionally, the statute provides, "Except as otherwise specifically provided by statute, a judgment for costs may be awarded * * * in any civil action * * *" Accordingly, the statute does appear upon its face to encompass eminent domain proceedings. However, a question arises as to which party is the prevailing party. "In general, a party in whose favor judgment is rendered by the district court is the prevailing party in that court * * *" See Moore's Federal Practice § 54.70[4] p. 1305.

As the pleadings reflect, this is an action of a civil nature for the taking of

property under the power of eminent domain and for the ascertainment and award of just compensation to the owners. Pursuant to 40 U.S.C. § 258a and an order of the Court dated October 15, 1969, the plaintiff was placed in possession of the described property and accordingly, as reflected by the pretrial order, the only issue actually in dispute and for trial was the issue of just compensation. As reflected by the jury verdict, the landowner was the prevailing party upon this issue.

In examining the applicable Federal Rules of Civil Procedure upon the issue presented by this motion, it appears that Rule 54(d) provides as follows:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the Court otherwise directs; but costs against the United States * * * shall be imposed only to the extent permitted by law * * *

However, Rule 71A(*l*) provides: "Costs are not subject to Rule 54(d)." The Advisory Committee note upon this section states:

> Since the condemnor will normally be the prevailing party and since he should not recover his costs against the property owner, Rule 54(d), which provides generally that costs shall go to the prevailing party is made inapplicable. Without attempting to state what the rule on costs is, the effect of subdivision (*l*) is that costs shall be awarded in accordance with the law that has developed in condemnation cases. This has been summarizd as follows: 'Costs of condemnation proceedings are not assessable against the condemnee, unless by stipulation he agrees to assume some or all of them.

The rationale for this view is of course that the landowner is entitled to just compensation for the property taken and any assessment of costs against him would diminish the amount of just compensation. See Grand River Dam Authority v. Jarvis, 124 F.2d 914 (C.A. 10, 1942).

However, the Advisory Committee note also acknowledges that: "Even if it were thought desirable to allow the property owner's costs to be taxed against the United States, this is a matter for legislation and not court rule." Likewise, in Moore's Federal Practice § 71A.130[3] at p. 2809, the author notes, "And in accordance with the rule that costs may not be taxed against the United States except to the extent permitted by law, and since there is no statutory permission therefor, a condemnee may not recover his costs against the United States."

■■ Since the Advisory Committee comments and the observations in Moore's, 28 U.S.C. § 2412 was amended to provide specifically, "Except as otherwise specifically provided by statute, a judgment for costs * * * may be awarded to the prevailing party in any civil action brought by or against the United States * * *" In a word, Congress has legislated. The legislative history of this statute reflects the following three matters. First, the statute was enacted to correct a disparity and put private litigants and the United States on an equal footing as regards the award of court costs. Second, the statute was enacted to provide for uniformity of treatment in the award of costs. Third, the statute does not require that costs be taxed for or against the Government; it merely makes it possible for the Court, when deemed just, to award costs to whichever side prevails in the case before it. See U.S. Code Cong. & Ad. News, pp. 2528–2529 (1966). Finally, implicitly at least, one circuit court has interpreted 28 U.S.C. § 2412 as permitting costs on appeal to be recovered against the United States in condemnation proceedings. See United States v. Certain Land, 420 F.2d 370, 371 (C.A. 2, 1969).

■ Having considered the argument of each party and having analyzed the applicable statutes and case law, the Court is of the opinion that 28 U.S.C. §

2412 is clear and definite in its terms and applies to condemnation cases and would be controlling in this respect over the provisions of Rule 71A(*l*), F.R.C.P.

Accordingly, the court is of the opinion that the plaintiff's motion to set aside the clerk's taxation of costs in this case should be denied.

An order will enter accordingly.