**UNITED STATES of America upon the relation and for the Use of the TENNESSEE VALLEY AUTHORITY, Plaintiff-Appellant,**

v.

**AN EASEMENT AND RIGHT-OF-WAY CONTAINING 0.1 ACRES, MORE OR LESS, Over Certain Land IN HAMILTON COUNTY, TENNESSEE, Oral Bible, et ux., Defendants-Appellees.**

**UNITED STATES of America upon the relation and for the Use of the TENNESSEE VALLEY AUTHORITY, Plaintiff-Appellant,**

v.

**12.85 ACRES OF LAND, MORE OR LESS, a Road Easement and Right of Way Over an Additional 1.18 ACRES OF LAND, MORE OR LESS, and Certain Additional Rights, all IN HAMILTON COUNTY, TENNESSEE, Baxter R. Gann, Defendants-Appellees.**

**Nos. 71-1383, 71-1384.**

United States Court of Appeals, Sixth Circuit.

Dec. 9, 1971.

Argued by Thomas A. Pedersen, Sol., Tennessee Valley Authority, Knoxville, Tenn., for plaintiff-appellant; Robert H. Marquis, Gen. Counsel, Beauchamp E. Brogan, Asst. Gen. Counsel, M. Elizabeth Culbreth, Beverly S. Burbage, Tennessee Valley Authority, Knoxville, Tenn., on brief.

Roberts, Weill, Ellis, Weems & Copeland, Chattanooga, Tenn., for defendants-appellees in No. 71-1383.

Richard Dietzen, Dietzen, Parks & Dietzen, Chattanooga, Tenn., for defendants-appellees in No. 71-1383.

Before PHILLIPS, Chief Judge, and McCREE and BROOKS, Circuit Judges.

PHILLIPS, Chief Judge.

The single question presented on this appeal is whether the 1966 amendment to 28 U.S.C. § 2412 authorizes the taxation of costs against the United States in an eminent domain proceeding. We answer this question in the negative, reversing the decision of the District Court.

Two condemnation actions were filed in the District Court under the TVA Act. 16 U.S.C. § 831x. The amount of estimated just compensation was tendered into court at the time of the filing of the declarations of taking. In each case the landowners won verdicts in excess of the amounts tendered into court. The District Court, 321 F.Supp. 651, assessed costs against the TVA for $90 and $60 respectively for the expense of witness fees incurred by the landowners. This appeal is from the judgment for costs.

Prior to the 1966 amendment, 28 U.S.C. § 2412 provided that: "The United States shall be liable for fees and costs only when such liability is expressly provided for by Act of Congress." This statute was amended to read as follows:

"§ 2412. Costs.

"Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title but not including the fees and expenses of attorneys may be awarded to the prevailing party in any civil action brought by or against

the United States or any agency or official of the United States acting in his official capacity, in any court having jurisdiction of such action. A judgment for costs when taxed against the Government shall, in an amount establish by statute or court rule or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by him in the litigation. Payment of a judgment for costs shall be as provided in section 2414 and section 2517 of this title for the payment of judgments against the United States."

Two years before the 1966 amendment, this court held that costs in condemnation proceedings could not be assessed against TVA. United States ex rel. and for Use of TVA v. Pressnell, 328 F.2d 580 (6th Cir. 1964).

The 1966 amendment was accomplished by the enactment of H.R. 14182, 89th Cong. 2d Sess. (1966). This legislation was recommended by the Department of Justice. Its purpose was to correct an inequity in the assessing of costs in civil litigation between the United States and private litigants.

The House Committee report [1] explains:

"The present law permits a disparity of treatment between private litigants and the United States concerning the allowance of court costs. This bill will correct this disparity by putting the private litigant and the United States on an equal footing as regards the award of court costs to the prevailing party in litigation involving the Government. As things now stand, only in rare cases can cost be awarded against the United States in the event that it is the losing party. On the other hand when it sues on a claim and wins, it can collect full costs."

Before the 1966 amendment it was well established that costs were not taxable against the United States or against the condemnee in condemnation cases. Nichols' The Law of Eminent Domain (Rev. 3rd ed.) Vol. 6, § 27.6.

We are convinced by the legislative history and by the subsequent legislation hereinafter referred to that Congress did not intend for the 1966 amendment to change the then existing law with respect to the taxation of costs in eminent domain proceedings. The landowner cannot be assessed the costs in a condemnation case. Nichols' The Law of Eminent Domain (Rev. 3rd ed.) Vol. 4A, § 14.249, says:

"[I]t is universally held that the owner should not be obligated to pay the cost of proceedings brought for the purpose of taking his land and assessing compensation . . . it is generally held that costs cannot be *awarded* to either party."

Therefore the inequity of unequal treatment as between the United States and private litigants to which the 1966 amendment was directed does not exist in federal condemnation cases.

Our conclusion that Congress did not intend the 1966 amendment to change existing law with respect to taxation of costs in federal condemnation cases is further supported by subsequent legislative developments. In 1968 and again in 1969 legislation was proposed specifically authorizing the taxation of costs against the United States in condemnation actions.[2] During the 1968 Senate Committee consideration of the first of these bills, the Deputy Attorney General, speaking for the Department of Justice in a letter to the Chairman of the Senate Judiciary Committee, said:

"Under present law, unless otherwise stipulated *no costs are assessed* against either party in condemnation proceedings. Public Law 89–507, ap-

---

1. H.R.Rep. No. 1535, 89th Cong., 2d Sess. (1966). See also Rep. No. 1329, 89th Cong., 2d Sess. (1966), 2 U.S.Code Cong. & Ad.News p. 2527 (1966).

2. S. 1351, 90th Cong., 2d Sess. (1968); S. 1719, 91st Cong., 1st Sess. (1969).

proved July 18, 1966 (80 Stat. 308) provides that a judgment of costs, as enumerated in section 1920 of title 28 U.S.C. but not including fees and expenses of attorneys may be awarded to the prevailing party in any civil action brought by or against the United States. *The United States as a condemnor is the prevailing party* in almost every condemnation proceeding which it initiates, but costs cannot be assessed against the landowner because the payment of such costs would reduce the just compensation being paid for the taking [Hearing on S. 1351 Before the Subcomm. on Improvements in Judicial Machinery of the Senate Comm. on the Judiciary, 90th Cong., 2d Sess. 49 (1968); emphasis added]."

In December 1970 Congress enacted Public Law 91–646, authorizing the assessment of costs against the United States in condemnation cases in only two situations: (1) if the final judgment is that the federal agency cannot acquire the real property by condemnation, or (2) if the proceeding is abandoned by the United States. 42 U.S.C.A. § 4654(a).

The House Committee's report on the 1970 bill states that:

"Ordinarily the Government should not be required to pay expenses incurred by property owners in connection with condemnation proceedings. The invitation to increased litigation is evident."[3]

Our conclusion is in accord with the interpretation placed upon the 1966 Amendment by the Federal Rules of Civil Procedure. Rule 54(d) provides for the allowance of costs to the prevailing party. Rule 71A, dealing with condemnation of property, provides that costs are not subject to Rule 54(d). It is significant that this provision of Rule 71A was not changed in the 1970 amendments.

The only reported case we have found dealing with the specific question of the effect of the 1966 amendment on the awarding of costs in eminent domain proceedings is United States v. 23.94 Acres of Land, 325 F.Supp. 330 (W.D. Va.1970). The opinion of Chief District Judge Dalton is in accord with the result we have reached in the present case.

In United States v. 87.30 Acres of Land, 430 F.2d 1130, 1134 (9th Cir. 1970), a condemnation case, the court held that: "We find no authority for the allowance to appellants of costs in the lower court." We do not construe United States v. Certain Land, 420 F.2d 370 (2d Cir. 1969), as authority to the contrary. The latter decision was concerned with 28 U.S.C. § 2412 prior to the 1966 amendment.

Reversed and remanded.

---

3.  H.R.Rep.No.91–1656, 91st Cong. 2d Sess. 25 (1970), 3 U.S.Code Cong. & Ad.News (1970) p. 5875.