**UNITED STATES of America, Appellant,**

v.

**2,186.63 ACRES OF LAND, WASATCH COUNTY, UTAH (H. Clay Cummings Estate), et al., Appellees.**

**No. 71–1749.**

United States Court of Appeals, Tenth Circuit.

July 24, 1972.

Peter R. Steenland, Atty., Dept. of Justice, Washington, D. C. (Shiro Kashiwa and Kent Frizzell, Asst. Attys. Gen., C. Nelson Day, U. S. Atty., Salt Lake City, Utah, Edmund B. Clark and Max E. Findley, Attys., Dept. of Justice, with him on brief), for appellant.

Robert S. Campbell, Jr., Salt Lake City, Utah, for appellee Security Title Co., Trustee.

Before HILL and SETH, Circuit Judges and BRATTON, District Judge.

PER CURIAM.

This appeal involves the power of the trial court to tax costs against the United States in a condemnation action.

In the trial below, the only issue litigated was the amount to be paid to each of the landowners, portions of whose land were being expropriated for the construction of a dam that was to be part of the Central Utah Water Project. The jury returned a verdict of $185,085.00 as just compensation, and the court entered a Deficiency Judgment in favor of appellee, together with a provision providing for the payment of any allowable costs.

The appellee then filed its Bill of Costs for $1,421.00, for subpoena fees, witness fees and printing and preparation of exhibits.

The Government's response was a motion to amend the judgment by striking from it any reference to costs. After hearing, the motion was denied, and the court ordered the clerk to proceed with the taxing of costs. It is from this order that the present appeal is taken.

The first question presented is whether an appeal can be prosecuted from the trial court's order denying the motion to amend and ordering the clerk to proceed with the taxing of costs.

The Government points out that it has already paid the amount of the jury award, which is a final and conclusive judgment on the issue of just compensation. Inasmuch as it is not attacking the items submitted as costs or the amounts of such items, it asserts that the only question remaining in the case is the power of the court to tax costs against it. That the clerk has not yet performed the ministerial function of approving the bill of costs submitted does not, it asserts, render the decree interlocutory.

The appellee argues that the order is not a final decision from which an appeal may be taken under 28 U.S.C.A. § 1291, for it leaves unresolved the issue of what items are allowable costs and the amount of each. Its position is that only the judgment itself may be appealed from in this case.

■■ We do not agree that the order denying the motion to amend the judgment is not appealable. When the power of the court to assess the costs is the issue, an order granting or denying costs is appealable. Hill v. Whitlock Oil Services, Inc., 450 F.2d 170 (10th Cir. 1971); United States v. Arizona Canning Co., 212 F.2d 532 (10th Cir.1954). See also Kansas City Southern Ry. v.

Guardian Trust Co., 281 U.S. 1, 50 S.Ct. 194, 74 L.Ed. 659 (1929); Newton v. Consolidated Gas Company of New York, 265 U.S. 78, 44 S.Ct. 481, 68 L.Ed. 909 (1924). The appellant's only position here is that no costs may be taxed against it, and this is clearly a challenge to the trial court's power to do what it did.

The fact that the clerk had not yet approved the bill of costs is of no consequence. He was ordered to proceed with the taxing of costs, and his failure to sign the cost bill submitted to him does not destroy the finality of the court's order. See 9 Moore's Federal Practice § 110.11 (2d ed.1970) at 137.

The remaining question is whether 28 U.S.C. § 2412, as amended in 1966, vitiates the traditional rule that costs are not taxable against the United States in condemnation cases.

Prior to its amendment, 28 U.S.C. § 2412 provided that the United States would be liable for fees and costs only when an act of Congress expressly so provided. There was no statute that authorized the taxing of costs against the Government in a condemnation case.

28 U.S.C. § 2412, as amended in 1966, in pertinent part provides:

> Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title but not including the fees and expenses of attorneys may be awarded the prevailing party in any civil action brought by or against the United States or any agency or official of the United States acting in his official capacity, in any court having jurisdiction of such action.

The Sixth Circuit recently held that Section 2412, as amended, does not cover costs in a condemnation action. United States ex rel. T.V.A. v. An Easement and Right-of-Way, 452 F.2d 729 (6th Cir.1971), reversing 321 F.Supp. 651.

The legislative history of Section 2412 as set forth in that opinion reveals that it was intended to eliminate the disparity existing in litigation between a private party and the Government where the Government, if it prevailed, could recover full costs while a private party that prevailed against the Government could recover costs only in rare cases, i. e., where a statute provided. By a comparison of this intent with the traditional rule in condemnation cases that allows costs neither to the United States or the landowner, the court concluded that Congress did not intend the 1966 amendment to change existing law with respect to costs in a federal condemnation action.

The court also pointed out subsequent legislation that supported that conclusion. In particular, it concluded that the enactment in December, 1970, of 42 U.S.C.A. § 4654(a) indicated that the 1966 amendment of Section 2412 was not intended by Congress to change existing law, for Section 4654(a) authorizes costs against the United States in condemnation cases only if the final judgment is that the property cannot be acquired by the Government or if the Government abandons the proceedings.

Finally, the court found it significant that the 1970 amendments to the Federal Rules of Civil Procedure did not change Rule 71A, which provides that costs in condemnation actions are not subject to the provision of Rule 54(d) that allows costs to the prevailing party.

We agree with the reasoning and the conclusion reached in United States v. An Easement, *supra*. *See also* United States v. 87.30 Acres of Land, 430 F.2d 1130, 1134 (9th Cir.1970); United States v. 23.94 Acres of Land, 325 F. Supp. 330 (W.D.Va.1970).

Accordingly, the court below erred in assessing allowable costs against the United States in this action.

Reversed and remanded.