**UNITED STATES of America, Plaintiff,**

v.

**101.80 ACRES OF LAND, MORE OR LESS, SITUATED IN IDAHO COUNTY, IDAHO; Joseph Schwartz and Lorena Rose Schwartz, husband and wife, et al., Defendants.**

Civ. No. 80–2042.

United States District Court,
D. Idaho.

Jan. 6, 1982.

Jeffery W. Ring, Asst. U. S. Atty., Boise, Idaho, for plaintiff.

Donald W. Lojek, Joseph L. Parkinson, Boise, Idaho, for defendants.

## OPINION AND ORDER

RAY McNICHOLS, District Judge.

### FACTS

The action was filed by the United States to condemn real property owned by Joseph Schwartz and Lorena Schwartz (hereinafter Defendants) located on the Middle Fork of the Clearwater River near the community of Syringa, Idaho. This land is in Idaho County and is subject to the Wild and Scenic Rivers Act of October 2, 1968 (82 Stat. 912) and related Federal legislation.

The jury trial to determine just compensation in this case began on November 18, 1981, and the jury returned its special verdict on November 23, 1981, finding as just compensation for the interest taken the sum of $144,600.00. The parties stipulated to an interest rate of 11.5%, which is to be paid upon that portion of the award not already deposited, from May 12, 1980 until paid. Judgment on the verdict was entered by this Court on December 1, 1981. The Judgment stated in part: "It is further

ordered, adjudged and decreed that no costs shall be attributable to the parties in this action." No appeal has been taken by plaintiff or defendants, and that judgment is awaiting payment by the United States.

On December 4, 1981, the defendants filed a Notice of Application to Tax Costs pursuant to Rule 54 of the F.R.Civ.P. and Rule 19 of the local rules of this Court. The Memorandum of Costs and Attorneys' Fees filed by the defendants on the same day seek a total sum of $40,370.59 for costs and attorneys' fees. Also on December 4, 1981, the defendants filed a Motion to Award Costs and Attorneys' Fees, citing Rule 54, Local Rule 19 and 28 U.S.C. § 2412.

On December 7, 1981, the United States filed its Response to Defendants' Motion. By that response, the Government pointed out that Rule 71A(*l*) of the F.R.Civ.P. specifically directs that costs are not subject to Rule 54(d) in condemnation of property proceedings. On December 8, 1981, the Clerk of the District of Idaho denied costs and attorneys' fees citing Rule 71A(*l*).

On December 9, 1981, the defendants filed Combined Motions to Review Taxation of Costs, to Amend Judgment and to Determine Attorneys' Fees and Costs. The defendants again relied upon Rule 54(d) of the Federal Rules and also upon 28 U.S.C. § 2412. A series of additional briefs have been filed and considered. The matter appears submitted.

## DECISION

The question before this Court is whether or not the landowner is entitled to costs and attorney fees under 28 U.S.C. § 2412.

The following provisions of the Equal Access to Justice Act, 28 U.S.C. § 2412 are pertinent.

(a) Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency and any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation.

(b) Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency and any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

(d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

The Equal Access to Justice Act amends section 2412 of Title 28, United States Code. The language of section 2412 as amended by the Act is explicit in authorizing an award of costs, attorneys' fees and expenses only to the "prevailing party". While there are other qualifications and conditions on the allowance of such an award, the threshold qualification is that the party must be the "prevailing party"; if he is not a "prevailing party" he is not entitled to an award of costs, attorneys'

fees and expenses. The Act does not define the term "prevailing party".

The litigation did not present the issue of the governments right to take the easement. The entire dispute involved what sum should be paid to the landowners to fairly compensate them for the interest in their property taken one and one half years earlier by way of an order of this court. The government took the position, even at the close of the trial, that $57,000 represented the just compensation due to defendants. The single issue presented to the jury was that of determining the amount to be paid. The jury verdict allowed $144,600.00 as just compensation for the interest taken in defendants' property, approximately two and one half times the amount postulated by the government.

Practically speaking, a reasonable person would be hard pressed to hold that the defendant landowners had not prevailed at the trial on the amount to be awarded. If I were writing on a clean slate, I would feel compelled to hold that under the provision of the Equal Access to Justice Act the landowner prevailed, the position of the government was not substantially justified and finally that no special circumstances existed which would make an award of costs and attorneys' fees unjust.[1] However, I do not write on a clean slate. I am bound by the controlling law, and, after reviewing available legislative history and relevant case law, I am convinced that the law today would deny a landowner the status of a "prevailing party" in a condemnation suit. This law may no longer be the wisest law, but that is a question which must be left to a higher court or preferably to Congress.

The legislative history as set out in the House Report (Judiciary Committee) No. 96–1418 provides the only substantial clue as to how the term "prevailing party" should be construed. The committee states on page 11:

Under existing fee-shifting statutes, the definition of prevailing party has been the subject of litigation. It is the committee's intention that the interpretation of the term in S. 265 be consistent with the law that has developed under existing statutes.

The clearest statement of prior law is found in the Supreme Court decision of *United States v. Bodcaw Co.*, 440 U.S. 202, 99 S.Ct. 1066, 59 L.Ed.2d 257 (1979). In that case the Court held that in a land condemnation suit the property owner's expenses in securing appraisals of the land was not part of the just compensation required by the Fifth Amendment for the taking of private property for public use. The Court stated that the litigation no more than reflects the rather typical situation where the landowner is dissatisfied with the Government's valuation, and that the case does not qualify as an exception to the general rule that indirect costs to the property owner caused by the taking of his land are generally not part of the just compensation to which he is constitutionally entitled. The landowner argued that 28 U.S.C. § 2412 creates an exception to the general rule and required the court to award costs to the landowner as a prevailing party. The court rejected this argument stating:

Although Congress has provided that court costs may sometimes be assessed against the Government when the opposing party prevails, 28 U.S.C. § 2412, that authorization does not apply to condemnation cases. F.R.Civ.P. 71A(*l*); *United States v. 2,186.63 Acres of Land*, 464 F.2d 676 (CA10 1972); *United States ex rel. TVA v. An Easement*, 452 F.2d 729 (CA6 1971). Thus, even if the appraisal expenses in this case were to be considered "costs", they could not be taxed to the United States. Note 3, page 204, 99 S.Ct. page 1067.

---

1. I specifically find that the position of the government was not substantially justified. I further find that there exist no special circumstances which would make an award of costs, expenses and attorneys' fees unjust. These findings are based on 1) the fact that the government's own witness was of the opinion

that just compensation would be in excess of the $40,000 deposited by the government and 2) a finding by the court that the government's deposit of $40,000 was substantially less than just compensation for the easement taken by the government.

■ Thus, if we follow the law regarding the term "prevailing party" as used in 28 U.S.C. § 2412 before the statute was amended, as the legislative history tells us we should do, it is clear that the landowner in a condemnation suit cannot be a "prevailing party". Rule 71A(*l*) makes Rule 54(d) of the F.R.Civ.P. inapplicable, and this outcome is not altered by the amendment of 28 U.S.C. § 2412.

Accordingly, defendants combined motions to review taxation of the cost, to amend judgment and to determine attorneys' fees and cost must be denied, and the judgment as entered affirmed.

IT IS SO ORDERED.