**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**329.73 ACRES OF LAND, SITUATED IN GRENADA AND YALOBUSHA COUNTIES, STATE OF MISSISSIPPI and J. G. Carter, et al., Defendants-Appellees.**

No. 80–3520.

United States Court of Appeals, Fifth Circuit.

May 24, 1982.

Opinion Granting Rehearing En Banc July 14, 1982.
See 681 F.2d 264.

---

H. M. Ray, U. S. Atty., William M. Dye, Jr., Asst. U. S. Atty., Oxford, Miss., Maria A. Iizuka, James W. Moorman, Jacques B. Gelin, Dept. of Justice, Lands Div., Washington, D. C., for plaintiff-appellant.

Oscar P. Mackey, Jackson, Miss., E. Russell Blair, Oxford, Miss., Jim R. Bruce, Jackson, Miss., for defendants-appellees.

Before GEE and RUBIN, Circuit Judges, and SPEARS,* District Judge.

PER CURIAM:

Section 204(a) of the Equal Access to Justice Act ("EAJA"), 28 U.S.C.A. § 2412(d)(1)(A) (West Supp.1982) provides for award to "a prevailing party other than the United States," of "fees and other expenses, in addition to any costs awarded pursuant to subsection [2412(a)] incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States unless the court finds that the position of the United States was substantially justified or that special circumstances make the award unjust." The landowner insists that a condemnation case is such a civil action and that the statute, therefore, includes such cases. He also urges that the legislative history of section 204(a) demonstrates Congress's intention to embrace such cases.

A condemnation case is a civil case, and the statute does, indeed, except only tort actions. If we looked only to these words and applied the rule of *expressio unius est exclusio alterius* that argument would prevail. However, as we pointed out in our original opinion, condemnation cases have long been governed by another statutory provision, 42 U.S.C. § 4654, and by Fed.R. Civ.P. 71A(*l*).

The statute that is now § 2412(a) has never been interpreted to allow costs in condemnation cases to be taxed to the United States. *See United States v. Bodcaw Co.*, 440 U.S. 202, 203 n.3, 99 S.Ct. 1066, 1067 n.3, 59 L.Ed.2d 257, 260 n.3 (1979). Rule 71A(*l*) has, indeed, proscribed such an imposition. Congress has demonstrated no

* District Judge of the Western District of Texas, sitting by designation.

intention to change this rule. Therefore, if fees and expenses were taxable to the United States in condemnation cases, these suits would present the anomalous and indeed unique feature that the court may award fees and expenses to a party who is not allowed costs. Moreover, the statutory language appears to contemplate that fees are to be awarded in addition to costs and, we infer, only when costs are due. Reading this phrase to mean instead "in addition to costs, *if any,*" appears strained.

The shifting of attorney fees in various of the litigation involving the United States as either plaintiff or defendant has been under Congressional evaluation for some time. When S.265, which eventually became the EAJA, was being considered in 1979, the Department of Justice was concerned, with some justification, that land condemnation suits would be covered, because the proposed legislation would "sweep with a broad brush requiring the government to pay attorney fees in virtually every case that it loses, unless it can establish that its litigation position was substantially justified," thereby abandoning "recent Congressional practices of providing for fee-shifting only in discrete categories of cases where the Congress has found that the award of attorney fees was essential in ensuring that litigants would be deterred from vindicating important rights." (*See* letter of October 17, 1979, from Alan A. Parker, Assistant Attorney General to Peter W. Rodino, page 2, first paragraph, submitted by defendant). In addition, early budget estimates included condemnation cases in the effort to determine the cost of the legislation.

According to the legislative history, section 204(a) of the EAJA, 28 U.S.C.A. § 2412(d)(1)(A) (West Supp.1982), pursuant to which the landowner claims his right to attorney fees, does not apply to actions "already covered by existing fee-shifting statutes .... It is intended to apply only to cases (other than tort cases) where fee awards against the government are not al-

ready authorized." H.R.Rep. No. 96–1418, 96th Cong., 2d Sess. 18, *reprinted in* [1980] U.S.Code Cong. & Ad.News 4984, 4997.

Therefore, when the EAJA was finally passed, it excepted the fee-shifting situations otherwise specifically provided for by statute, *see* 28 U.S.C.A. § 2412(d)(1)(A) (West Supp.1982), and section 206 of the Act added the provision, "Nothing in section 2412(d) of title 28, United States Code, as added by Section 204(a) of this title, alters, modifies, repeals, invalidates, or supersedes any other provision of Federal law which authorizes an award of such fees and other expenses to any party other than the United States that prevails in any civil action brought by or against the United States." EAJA, Pub.L. No. 96–481, Title II, § 206, 94 Stat. 2321, 2325, 2328, 2330 (1980). So Congress undoubtedly gave credence to the views of the Department of Justice, and did not abandon existing fee-shifting statutes. *See* H.R.Rep. No. 96–1418, 96th Cong., 2d Sess. 19, *reprinted in* [1980] U.S.Code Cong. & Ad.News 4984, 4998.

■ 42 U.S.C. § 4654, *supra,* which has not been modified, states the circumstances under which an owner in a condemnation case may recover reasonable costs, disbursements, and expenses, including reasonable attorney, appraisal, and engineering fees, and this case is not included. Section 4654 appears to us not merely to authorize fees in special situations, but, by implication, to negate their award in condemnation cases not presenting those features.

■ We find no indication in the EAJA that Congress intended to change the previous rule for condemnation cases and include them in the EAJA experiment. *See United States v. Bodcaw Company,* 440 U.S. 202, 99 S.Ct. 1066, 59 L.Ed.2d 257 (1979). We, therefore, adhere to our original opinion that, since this case does not fall within the purview of § 4654, the appellee cannot recover costs, fees and other expenses incurred in this litigation.[1]

---

1. In view of this interpretation, we need not attempt to determine whether, in condemna-

tion cases in which the landowner obtains an award larger than the deposit, he is the "pre-

The amount of interest awarded by the district court has not been challenged by appellee, but he contends that the 6% allowed is not a reasonable measure of delay damages to which he is entitled. After again reviewing the record, we are still of the opinion that appellee does not qualify for such damages under 28 U.S.C. § 1912, 28 U.S.C. § 1927, or Fed.R.App.P. 38. While the appeal in this case may have been suspect, it was not frivolous.

The petition for rehearing is DENIED.

vailing party." *See United States v. 101.80*

*Acres of Land*, 92 F.R.D. 774 (D.Idaho 1982).