**UNITED STATES of America, Plaintiff,**

v.

**160 ACRES OF LAND, More or Less, SITUATED IN DUCHESNE COUNTY, STATE OF UTAH, Melvin B. White, et al., Defendants.**

No. C–81–0726C.

United States District Court,
D. Utah, C.D.

Dec. 15, 1982.

Joseph W. Anderson, Asst. U.S. Atty., Salt Lake City, Utah, for plaintiff.

John T. Evans, Salt Lake City, Utah, for defendants.

## MEMORANDUM DECISION

CHRISTENSEN, Senior District Judge.

Before this court, following settlement by stipulation of the amount of compensation to be paid, are defendants' application for award of attorneys' fees and other expenses and the motions of the plaintiff for summary judgment that attorneys' fees are not awardable in condemnation cases in any event. At the oral hearing the court denied the requested deferment of consideration and directed that the question of attorneys' fees and expenses be briefed and submitted in its entirety. Such briefing has now been completed and the question of fees and expenses is ripe for decision.

On September 30, 1981, the United States filed a complaint in condemnation for the taking of title to 160 acres of land in Duchesne County, Utah, and for ascertaining and awarding just compensation to the defendant landowners. The land was desired for purposes of the construction, operation, and maintenance of the Upper Stillwater Dam and Reservoir and Rock Creek Road, Bonneville Unit, Central Utah Project. The defendants initially contested the right of taking but thereafter withdrew their objection, and the action proceeded with discovery and processing for trial.

Settlement was agreed upon by the parties shortly before the time set for trial. A stipulation and "Judgment of Deficiency and Full Compensation" were filed on August 13, 1982. These provided for payment to defendants of $490,927.40, inclusive of interest, less $302,000.00 previously deposited by plaintiff and withdrawn by defendants, plus revestment in defendants of a cabin with five acres of land (valued at $28,750.00), subject to a certain option in favor of plaintiff. Following entry of the judgment, defendants filed with the court an application for the award of attorneys' fees and expenses in reliance upon the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Defendants asserted that they were "prevailing parties" since the settlement was substantially more than the amount originally offered by the United States and that there was no substantial justification for the Government's failure to settle the case before it did.

Addressed by the briefs are these issues: (1) whether section 2412(d) of the EAJA applies to condemnation actions; (2) whether, assuming the section applies, defendants were "prevailing parties" within its contemplation; (3) whether the position of the Government was "substantially justified" within the meaning of the section, and (4) if defendants are entitled to an award, what should be the amount. We find it necessary to decide only the first issue, although it has proved helpful in doing so to consider the problems of "prevailing parties" and "substantial justification" in the context of a condemnation suit.

The EAJA, 28 U.S.C. § 2412, *supra,* as last amended in 1980, reads in significant part: [1]

(a) Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency and any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation.[2]

. . . .

(d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

. . . .

(C) The court, in its discretion, may reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy.

1. Since there is no indication or claim of bad faith to invoke the equitable powers of the court to make an award under that long-standing exception to the American Rule, subdivision (b) which provides for its application to the United States under appropriate circumstances has been omitted. *See United States v. 790.71 Acres of Land, More or Less, Etc.,* 550 F.Supp. 690 (W.D.Okl.1981), which disregarded the EAJA because it was not in force until the following October, but held that $49,000 differential raising Government's figure from $266,329 to $315,215 did not show bad faith, misrep-resentation or unfair treatment to authorize attorney's fees and expenses under the American Rule.

2. Subsection (a) follows the Act as it has existed since the 1966 amendment except that it omits the last sentence reading "Payment of a judgment for costs shall be as provided in section 2414 and section 2517 of this title for the payment of judgments against the United States." Pub.L. 89 507, § 1, 80 Stat. 308 (July 18, 1966).

The prevailing view at present seems to be that subsection (d)(1)(A) of the EAJA does not apply to condemnation cases. *United States v. 329.73 Acres of Land, Etc.,* 678 F.2d 21 (5th Cir.), *reh. granted en banc,* 681 F.2d 264 (5th Cir.1982) (*see also,* 666 F.2d 281 (5th Cir.1982)); *United States v. 341.45 Acres of Land,* 542 F.Supp. 482 (D.Minn.1982); *United States v. 101.80 Acres of Land, Etc.,* 92 F.R.D. 774 (D.Id. 1982). *Cf. United States v. Bodcaw Co.,* 440 U.S. 202, 99 S.Ct. 1066, 59 L.Ed.2d 257 (1979); *United States v. 2,186.63 Acres of Land, Wasatch County, Utah,* 464 F.2d 676 (10th Cir.1972); *United States ex rel. T.V.A. v. Easement & Right-of-Way,* 452 F.2d 729 (6th Cir.1971); *United States v. 23.94 Acres of Land, Floyd Co., Com. of Va.,* 325 F.Supp. 330 (W.D.Va.1970). *See also, Comr's of Highways of Towns of Annawan v. United States,* 684 F.2d 443 (7th Cir.1982) (which denied the application of the EAJA but in a different context). *But see Government of the Virgin Islands v. 19.623 Acres of Land,* 602 F.2d 1130 (3d Cir.1979); *United States v. 319.46 Acres of Land More or Less,* 508 F.Supp. 288 (W.D.Okla.1981).

I fully agree with the reasoning contained in *United States v. 329.73 Acres of Land, supra,* 678 F.2d 21, and *United States v. 341.45 Acres of Land, supra,* 542 F.Supp. 482, in deciding that condemnation cases are not covered by subsection (d)(1)(A), and see no reason to repeat the statutory analysis and legislative history that in my judgment have led convincingly to this conclusion.

The cases which suggest a different view are not persuasive. In *United States v. 319.46 Acres of Land More or Less, supra,* 508 F.Supp. 288, the court indicated that subdivision 2412(d)(1) of the EAJA would have been applied to the condemnation case had it been in force at the time of its decision. This dicta was unsupported by analysis or authority. *Government of the Virgin Islands v. 19.623 Acres of Land, supra,* 602 F.2d 1130, applied the Virgin Islands Condemnation Act, an essentially dif-

ferent statute, in a jurisdiction traditionally following the English Rule authorizing the award of attorneys' fees.

The most plausible argument made by the landowners is that the cost-shifting statute had been held not to apply to condemnation cases because its working both ways might have unconstitutionally reduced the compensation the landowners would have been entitled to whereas the EAJA provides for fee-shifting only against the Government.

It is true that *United States v. 2,186.63 Acres of Land, supra,* and *United States ex rel. T.V.A. v. Easement and Right-of-Way, supra,* 452 F.2d 729, so refers to cost-shifting, as recognized in *United States v. Bodcaw, supra,* n. 2, but the latter case authoritatively establishes that subdivision (a) relating to costs against the United States did not apply to expenses in condemnation cases despite its general language, and further pointed out that 42 U.S.C. § 4654 contained statutory provisions with implied limitations which were applicable and controlling in condemnation cases. We deal in the present case as the Supreme Court did in *Bodcaw* with "expenses" beyond "costs," as well as with attorneys' fees. Congress, as pointed out in the review of legislative history in the cases I have found persuasive, indicated no intention to question the principle of *Bodcaw* in relation to condemnation cases. Moreover, as noted in *United States v. 329.73 Acres of Land, Etc., supra,* at 22–23, if fees and expenses were taxable to the United States in condemnation cases, such suits "would present the anomalous and indeed unique feature that the court may award fees and expenses to a party who is not allowed costs."

If the EAJA covered condemnation cases, I would be inclined to hold that defendants were the prevailing parties on the primary aspect of the case despite their defeat on the issue of the right to take; related fees might be disallowed if an award were otherwise proper.[3] As pointed out in *United*

---

3. Who the prevailing party is in condemnation actions can be conceptualized in two ways with

regard to: (1) acquisition, and (2) amount of recovery. Because the Government has the

*States v. 101.80 Acres of Land, Etc., supra,* 92 F.R.D. 774, there are problems in the "prevailing party" concept in the context of a condemnation case, but unlike that court, I ascribe those difficulties to the basic non-coverage of condemnation proceedings by the subsection rather than any impossibility of finding a landowner to be a prevailing party under appropriate circumstances in a condemnation case.

But the question of substantial justification in the context of a condemnation case is another thing. The problem is well illustrated by defendants' contention here that the Government's low initial offer and lack of meaningful negotiations until shortly before the time of trial were substantially unjustified. The primary purpose of a condemnation proceeding is to permit a jury or a commission to fix the amount of just compensation as contemplated by the Constitution when the parties cannot agree upon it. When efforts at settlement fail it may be almost impossible to say whether the fault lies with any inadequacy of the Government's initial valuation or lack of a reasonable counter offer. And the lack of substantial justification may relate more to the final offer or the position of the Government at trial than to the amount deposited into court for immediate possession. Apart from these imponderables, the question of "substantial justification" in this case if material would have to be resolved against the landowners under the circumstances disclosed by the record. The Government's initial offer, substantially more than one-half the amount eventually agreed upon[4] with no meaningful counteroffer from the landowners in the meantime, reasonably cannot be said to demonstrate any lack of substantial justification by standards accepted in those classes of cases to which the Act applies. Surely lack of sub-

stantial justification would not be indicated by the fact that the opposing party could be thought to have "prevailed."

But this focused difficulty more broadly indicates, I believe, yet another reason why the Act cannot reasonably apply at all to condemnation cases. Assuming that the prevailing party issue were manageable standing alone, its superimposition upon the substantial justification problem and the unmanageability of the latter element either in combination or separately in the context of this type of proceedings otherwise treated in The Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, suggest a hopeless incongruity in any such attempt.

For the reasons stated, plaintiff's motion for summary judgment on the issue of attorneys' fees is granted and the application for attorneys' fees and expenses is denied.

IT IS SO ORDERED.

---

power of eminent domain under the Fifth Amendment, it almost always has the right to take private land for public use. Thus it has been viewed as the prevailing party in the context of condemnation actions. *United States v. 101.80 Acres of Land, Etc., supra,* 92 F.R.D. 774; *United States v. 341.45 Acres of Land, supra,* 542 F.Supp. 482. For the view that if a landowner receives an amount substantially

more than the original offer he can be viewed as the prevailing party in condemnation actions, *see Government of the Virgin Islands v. 19.623 Acres of Land, supra,* 602 F.2d 1130.

4. Compare the increase of the award over the initial offer in *United States v. 341.45 Acres of Land, supra*—601%.